(62 South. 125.)

No. 19,708.

DILLON v. FREVILLE et al.

(March 31, 1913. On Application for Rehearing, April 28, 1913. Rehearing Denied May 26, 1913.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR (§ 1111*)—DECISION—EFFECT.

Where two different judgments have been rendered between the same parties on the same subject-matter, the last will prevail, especially where the court which rendered the first judgment recognized the right of one of the parties to raise the same issue in another form of action.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4411–4420; Dec. Dig. § 1111.*]

2. APPEAL AND ERROR (§ 1194*)—PROCEEDINGS AFTER REMAND—ACCOUNTING.

Where, on a former appeal, the plaintiff alleged that the defendant was accountable for rents from the date of the last judicial settlement between the parties, and the court on that theory decreed a partial settlement of ac-

counts and remanded the cause for a further accounting, *held*, that the plaintiff was concluded from going back of the date of the last settlement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4648–4656, 4660; Dec. Dig. § 1194.*]

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Campbell, Judge.

Action by Mrs. Ella Nason Dillon against Mrs. Jessie B. Freville and others. From a judgment for plaintiff, defendants appeal. Modified and affirmed on rehearing.

Smith & Carmouche, of Crowley, for appellants. Medlenka & Bruner, of Crowley, for appellee.

LAND, J. This is a continuation of the suit of Dillon v. Freville, 129 La. 1005, 57 South. 316, for a partition and accounting, in which the respective claim of the parties were carefully considered and adjusted, with the reservation of the right of the plaintiff to recover *further* amounts on account of rents, and of the right of the defendant to remand *further* amounts on account of disbursements for maintenance of the property and taxes paid thereon, or on account of the enhanced value thereof resulting from improvements placed thereon by the former community, or on account of community funds used by Samuel Nason, deceased, for the benefit of his separate estate.

Pursuant to the decree of the Supreme Court, the property was sold to effect a partition for the total price of $4,971, and the parties were referred to a notary, who, being unable to settle the accounts, referred them to the judge, who after a hearing found a balance of $724.89 due the plaintiff, in addition to the value of the lot purchased by her at the partition sale. Defendants have appealed.

[1, 2] Mrs. Dillon is a daughter of Mrs. Freville by her marriage with Samuel Nason, who died in April, 1899, leaving an estate consisting of separate and community property. The community real estate as inventoried was adjudicated to Mrs. Nason, surviving widow, under judgment of date February 15, 1901. The widow subsequently married A. W. L. Freville, and in November, 1908, rendered a final account of her tutorship to her daughter, who had married Homer Dillon. Mrs. Dillon opposed the account, and among other contentions urged that certain real estate inventoried as community property belonged to the separate estate of Samuel Nason. This real estate was described as lots 2 and the southern two-thirds of lot 9 in block 50. The case went to the Court of Appeal, which declined to decide the issues of title on the ground that it could be raised only in a direct action. On rehearing, however, the same court said:

"The opponent is therefore entitled to recover of her tutrix $326.86, her share of the price of the community property adjudicated to the tutrix"

—and so decreed.

In the account of the tutrix involved in that litigation, we find the following credit to Mrs. Dillon, to wit:

"Her share of community property adjudicated to surviving widow $326.66, 5 per cent. interest thereon from February 28, 1901, from date of adjudication to November 5, 1908."

In Dillon v. Freville, supra, this court reached the conclusion that lot 2 and the southern two-thirds of lot 9 belonged to the separate estate of Nason, and so decreed.

The fact that Mrs. Dillon has already obtained judgment for her share of the price of adjudication is not mentioned in our opinion in that case.

The tutrix's final account was approved and homologated by judgment of date July 19, 1909. The Court of Appeal, in its decree on rehearing, amended the judgment below by condemning the tutrix to pay Mrs. Dillon the sum of $326.86, "her share of the price

of the community property adjudicated to the tutrix," and the further sum of $186.66⅔, her share of notes as per inventory, for $1,200, representing proceeds sale of separate lots, subject to a deduction of $240 for improvements placed thereon by the community, with legal interest on both shares from November 19, 1908, with recognition of Mrs. Dillon's legal mortgage from the date of its registry.

This judgment of the Court of Appeal condemned Mrs. Freville to pay to Mrs. Dillon the price of the adjudication of the lots in question, and at the same time the court in its opinion recognized Mrs. Dillon's right to raise the question of title by direct action. In the suit of Dillon v. Freville, supra, the plaintiff demanded an accounting for rents and revenues from November 5, 1908; and in the decree in that case the defendant was charged with rents of lots 10 and 15 from that date to the time of trial, June 5, 1910, and in the opinion the right of Mrs. Dillon to recover rents from lot 2 and two-thirds of lot 9 was reserved. It is evident that November 5, 1908, was intended by the court to be taken as the starting point of Mrs. Freville's liability for rents collected from the last-named lots. In that case both the plaintiff and the court took it for granted that the final account of the tutrix concluded rents and revenues collected by her prior to the date of the filing of said account. The balance of the final account was largely in favor of the tutrix, and the judgment of the district court states that the tutrix remitted the overplus in her favor.

The present litigation involves the question of Mrs. Freville's liability for rents of lots 10 and 15 from June 5, 1910, and of lots 2 and part of 9 from November 5, 1908. Of course all liability for rents ceased with the partition sale of May 4, 1912.

The judgment below charged Mrs. Freville with $3,793.34 for rents, including rents of lots 2 and part of 9 since April 1, 1899.

Mrs. Freville should have been charged with rents of said lots from November 5, 1908, to date of partition sale. The balance should bear legal interest from May 4, 1912. As the judgment for rents is for a lump sum, the case will be remanded, unless counsel can agree on the figures, so that this court can render a final judgment in the case. We find no other errors in the judgment.

It is therefore ordered that the judgment below be reversed, and that the cause be remanded for the recasting of the accounts in accordance with the foregoing views, and for further proceedings according to law; appellees to pay costs of appeal.

## On Application for Rehearing.

PER CURIAM. The opinion heretofore handed down in this case decided all the issues presented and left nothing open except the recasting of the accounts. We hoped that counsel for the parties would agree on the figures so that we could render a final decree that would put an end to this long litigation between members of the same family. It seems that counsel or the parties could not agree; and plaintiff in her application for a rehearing has prayed the court not to remand the case but to decide it finally on the record.

We have gone over the accounts and fix the balance due by the defendant at $330, subject to correction on application for rehearing, which is reserved to both parties.

It is therefore ordered that our former decree herein be vacated, and it is now ordered that the judgment below be amended by reducing the balance in favor of the plaintiff from $724.89 to $330, and that, as thus amended, said judgment be affirmed; plaintiff and appellee to pay costs of appeal. The right is reserved to all parties to apply for a rehearing within the ordinary delay for the filing of such application.