No. ——
First Circuit

———

INVESTORS MORTGAGE CO. v.
THERIOT ET ALS.

———

(January 5, 1928. Opinion and Decree)

———

(*Syllabus by the Editor*)

1. Louisiana Digest — Sheriffs and Constables—Par. 13.

Under Section 1 of Act No. 203 of 1898, where the sheriff in execution of a writ of seizure and sale received money sufficient not only to pay for the execution of the writ but also superior mortgages or liens on the same property, his fee is based on the execution of the writ and not on the amount of the funds collected.

Appeal from the Parish of St. Mary. Hon. James D. Simon, Judge.

Action by Investors Mortgage Company against Ernest R. Theriot et als.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Wilbur P. Kramer, of Franklin, attorney for Investors Mortgage Co., plaintiff, appellee.

L. A. Pecot, of Franklin, attorney for sheriff, defendant in rule, appellant.

MOUTON, J. In this case the issue is as to the amount the sheriff is entitled to recover as commission on a sale in execution of a mortgaged debt. The execution was predicated on a third mortgage that rested on the property which was also burdened with a first and second mortgage, and a tax subrogation amounting in all to the sum of $57,036.05. The property was adjudicated for $62,000.00. The adjudicatee retained in his hands on the purchase price the sum of $57,036.05 to satisfy these prior liens and mortgages, leaving the sum of $4963.95 to be applied to the writ which totaled the sum of $8055.12 in principal, interest and attorney's fees.

The contention of plaintiff is that the commission of the sheriff, under Section 1 of Act 203 of 1898, is restricted to the amount collected and paid over in satisfaction of the writ, that is, to the sum of $4963.95. On the other hand the contention of the respondent sheriff is that his commission must be based on the amount of the adjudication, $62,000.00. This constitutes the vital issue in the case. On the question thus presented, the district judge rendered the following able and comprehensive opinion:

"Plaintiff, as seizing creditor, and one R. B. Bishop, adjudicatee under the judicial sale held by virtue of execution issued in this matter, proceeded by rule on the sheriff of the Parish of St. Mary, to show cause why he should not be ordered to make a valid deed of title to the said Bishop, adjudicatee, upon compliance with

the law relative to the payment of commissions, costs and fees as fixed by law.

"Reviewing the facts presented to arrive at a proper interpretation of the statute presented, it is found that plaintiff issued an order of seizure and sale against the property of defendants, debtors in satisfaction of a special mortgage. The property affected was seized, after due notices had been served, advertised for sale, and sold by the sheriff, defendant in rule. R. B. Bishop was adjudged the purchaser at the price of $62,000.00. Due notice was given, preceding the crying of the property, that the same was being sold subject to all privileges and hypothecations of whatever kind, with which the same was burdened, and that the purchaser was obliged to pay into his (sheriff's) hands whatever portion of the price of adjudication would exceed the amount of the privileges and special mortgages to which the property was subject.

"The execution, in this instance, was predicated on a third mortgage, there existing at the time of sale and as' shown by the certificate of mortgages, a first and second mortgage and a tax subrogation amounting in all to the sum of $57,036.05. The amount of the writ totaled the sum of $8055.12 in principal, interest and attorney's fees. The amount of the bid therefore exceeding the amount of all prior liens and encumbrances in the sum of $4963.95, and the writ was satisfied to that extent only prior to the payment of costs, etc.

"The question presented, and which is the only issue before the court, is what amount is the sheriff legally entitled to collect as his commission in executing the order of seizure and sale.

"Plaintiff and the adjudicatee contend that the commission of the sheriff can only be legally levied in the proportions as fixed by Section 1 of Act 203 of 1898, on the amounts collected and paid over in satisfaction of the writ, in this instance $4963.95. Counsel for the respondent sheriff contends that the commission must of necessity be levied on the bid of the adjudicatee, in this instance the sum of $62,000.00.

"This issue can be nailed down to one question of law, and that is whether the commission of the sheriff can be legally

levied against the sums retained by the adjudicatee to satisfy all prior liens and encumbrances, in this instance $57,036.05.

"Section 1 of Act 203 of 1898 provides as follows: 'That the sheriffs throughout the State of Louisiana (Orleans excepted) shall be entitled to demand and receive the following fees and compensation of office and no more, in all civil matters, to-wit:

" 'For making an actual levy or seizure of property, under execution or order of seizure and sale without sale, $1.00. And 2% on the first five hundred dollars, and 1% on any excess of said amount collected and paid over to the party causing the execution or order of seizure and sale to issue or to the party to be adjudged entitled thereto in case of contest over the proceeds.'

"In view of the wording of the statute it will be necessary to determine what amount was the sheriff legally entitled to collect from the adjudicatee and to thereupon pay over to the party causing the execution or order of seizure and sale.

"Whenever any property, sold by a sheriff, is subject to privileges or special mortgages in favor of other persons besides suing creditors, the sheriff shall require from the purchaser only the surplus of price beyond the amount of the privileges of special mortgages, Code of Practice, Article 706, and the hypothecary action lies against the purchaser of such property in favor of creditors having such privileges and mortgages. Ibid. Article 709. The sheriff must give notice, before he commences the crying, that the property is sold subject to such privileges and mortgages, and that the purchaser is required to pay in his hands only the excess of the price, at which it shall be adjudicated, over those privileges and mortgages, Ibid. Article 679.

"These provisions are very clear, positive and unmistakable. It is manifest from them that the sheriff is neither required nor authorized to receive the amount of mortgages or privileges which prime that under which he is selling. His writ commands him to make a certain sum by and out of the sale of the property. The mortgages that are certified to him exhibit the sums for which the property is bound, and which must be satisfied, before the plaintiff in execution, whose writ he holds, is

entitled to anything. If the price bid is insufficient to pay these sums, there can be no adjudication. Ibid. Article 684.

"If, as in this case, the highest bid exceeds the antecedent liens, the adjudication is valid and the sale complete, and the property passes to the purchaser, but passes, burdened with these antecedent liens, which can be enforced by the holders of them against the property in the hands of its new owner.

"These codal provisions are just, and are admirably contrived to prevent injury to debtor, creditor or purchaser, and it necessarily follows that when the sheriff takes upon himself to receive money which his writ does not authorize him to receive, he is not acting officially, his sureties cannot be held liable, and he is concluded acting purely as the individual agent of the purchaser.

"The jurisprudence of this state is on positive and emphatic lines to the effect that not only is the purchaser permitted to retain, but he is required to retain in his hands the amount of the liens in advance of that of the seizing creditor, and the day to which the interest upon them is to be calculated for retention has been fixed. Cummings vs. Erwin, 15 La. Ann. 289; Fireman's Ins. Co. vs. Gillingham, 1 Rob. 305.

"In the case of Merchants Bank of New Orleans vs. Peters et al., 2 Rob. 214, the Supreme Court there declared: 'There is no provision of the existing order which requires of the sheriff, or authorizes him to receive the amount of other mortgages, or any other sum than that which his writ commands him to make on the execution.' If he takes upon himself to receive money, which his writ does not authorize him to receive, and to pay it over to persons not parties to the process in his hands, it is plain that he does not act officially, and, consequently, the sureties on his official bond are not responsible. The law fails to grant him any authority to receive from the purchasers anything more than what is due under the writ. Pepper et als. vs. Dunlap, 16 La. 163. In the latter cited case the Supreme Court there held and supplied a similar doctrine. Scott vs. Featherston, 5 La. Ann. 313. In the case of Quertier & Co. vs. Succession of Hille, 18 La. Ann. 65, the court recog-

nized the legal right of antecedent creditors to secure judgment against a purchaser as a third possessor of the property subject to his mortgage, to be paid out of the funds which he should have retained for that purpose.

"The obligation of the purchaser, together with his duties of retaining in his hands the proportion of price coming to a concurrent mortgage note not embraced in the judgment under which the sale was made, springs from the purchase itself. By analogy this can be applied to the purchaser where there exists antecedent liens. Johnson vs. Duncan, 24 La. Ann. 381.

In the case of Morris vs. Cain's Executors, 34 La. Ann. 657, the Supreme Court clearly announced the following: 'The retention of the surplus of the writ by the purchaser produces a right or claim in favor of the creditors who may be entitled to be paid out of that surplus. It is only by paying them that he can discharge himself from what responsibilities he may have incurred, and release the property from the encumbrances upon it. By paying the sheriff, who is the legal agent of the seizing creditor, he pays the latter and thus liberates both himself and the property to the extent of the creditor's rights against it.' Robinson & Company vs. Cosner, 136 La. 613, 67 So. 468; Forrey vs. Strange, 158 La. 950, 105 So. 21; Ash vs. So. Chemical Co., 107 La. 311, 31 So. 656.

"From the authorities hereinabove quoted only one deduction can be made. It being the duty of the purchaser to retain in his hands the sums necessary to liquidate antecedent liens and mortgages, the sheriff can not be held as being entitled to the custody of these funds. Were he to take the custody thereof, it would be an act outside of his official duty and beyond his official authority. The law holds him and declares him to be the legal agent of the seizing creditor. His only authority is the mandate of the writ itself, and the law defines his duties relative thereto.

"Not being entitled to the custody of the funds retained by the purchaser, to be held by the latter in satisfaction of the call of antecedent creditors, it is clearly evident that he can not be considered as having collected and paid over the same to the party causing the execution or order of seizure and sale to issue. The seizing

creditor has no concern with the funds necessary to liquidate antecedent liens and mortgages. His only interest is in seeing satisfaction of the writ issued by him, and the sheriff's concern in executing the writ under its mandatory provisions. The purchaser alone is the one concerned with the sums necessary to liquidate all antecedent liens and mortgages and the law fixes his liability as such, not only he being personally liable, but the land itself of which he is the new owner stands responsible by way of the hypothecary action, the latter in favor of antecedent creditors.

"Counsel for the sheriff urges the custom which has prevailed allowing the latter to levy his commission on the entire bid irrespective of what is actually collected and paid over by him to the seizing creditor. However, it is axiomatic that custom can not prevail in the teeth of the positive law.

"Counsel further argues that were the court to declare that the commission of the sheriff can only be levied on what is actually collected and paid over by him and not upon the bid offered, that it would seriously hamper the maintenance of the offices of sheriffs throughout the state, the existence of which has been contemplated by the Legislature. The statute in question (Sec. 1, Act 203 of 1898) is positive and unequivocable. Were its provisions ambiguous the court would thereby resort to what the Legislature intended so as to arrive at a fair interpretation.

"However, this statute cannot be considered in the light of ambiguity. Furthermore, the courts cannot supply the want of any reasonableness in its application. The expediency and wisdom of legislative acts are questions addressed solely to the discretion of the Legislature as the lawmaking branch and not to the judiciary. State ex rel. Bahns vs. New Orleans, page 718 So. Reporter advance sheets, June 18th, 1927.

"The amounts realized on the writ being the sum of $4963.95, as having been collected and paid over to the seizing creditor on the third mortgage executed upon, in view of the above, the commission, as fixed by law, must be levied against that sum only. It cannot be levied against the sum of $57,036.05 representing the amount of the antecedent liens and mortgages withheld and retained by the purchaser in satisfaction of said mortgages."

It cannot be contended that the amount thus retained by the purchaser could be said to have been collected by the sheriff, and paid over to the party causing the execution or order of seizure and sale under the writ. Under the plain terms of Section 1 of the statute, it is on the amount so realized and paid over to the seizing creditor that the commission of the sheriff is calculated. Three paragraphs further from the foregoing provision of the statute, we find the following: "For collecting money on execution or ordering seizure and sale, without either seizure or sale, two per cent on the first five hundred dollars, and one per cent on any excess of said sum." Hence, the sheriff gets exactly the same commission when there is neither seizure nor sale. This indicates that the legislative purpose in framing this statute was to base the commission of the sheriff on the collection he might make for the benefit of the creditor, and not on the trouble or responsibilities he might incur in going through the formalities of a seizure and sale.

In considering the case from another angle it must also be observed that the property in such case is sold subject to all the privileges, hypothecations with which it may be burdened, the purchaser being compelled only to pay the portion of the purchase price which may exceed the amount of such privileges and special mortgages. The property adjudicated remains bound for these encumbrances. It may be that at their maturity the adjudicatee might fail to discharge these obligations. In such case the property would have to be sold to satisfy these unpaid mortgages or privileges. In such an instance the sheriff would again be entitled to his commission on the proceeds realized

from the sale. He would thus be entitled to a commission on the amount retained in the hands of the adjudicatee on the first sale, and on the amount received on the subsequent sale, thus getting two commissions for the execution of the same mortgage bearing on the same property.

We do not think the Legislature ever intended to confer such a right on the sheriffs. The court correctly decreed that the commission of respondent should be computed on the sum collected and applied to the writ and not on the amount of the bid or adjudication.

For the foregoing reasons and those assigned by the district judge, the judgment appealed from is affirmed with costs.