No. ——

First Circuit

---

## INVESTORS MORTGAGE CO. v. PREJEAN

---

(February 15, 1928. Opinion and Decree.)
(March 7, 1928. Judgment amended and Rehearing Refused.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Sheriffs and Constables—Par. 13, 16.**

Under Act 203 of 1898, the commission which the sheriff received for his

services for making seizure and sale of property under execution is only due on the amount which is collected and paid over to the seizing creditor; and, therefore, where the seizing creditor is the purchaser, the sheriff cannot collect on that part of the sale price which is compensated by the debt due the seizing creditor.

2. **Louisiana Digest—Appeal—Par. 759.**
Clerical errors are corrected by Appellate Courts without a rehearing.

Appeal from the Parish of Assumption. Hon. Sam A. LeBlanc, Judge.

Action by Investors Mortgage Co. against Sylvere Prejean.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Gilbert & Gianelloni, of Napoleonville, attorneys for plaintiff, appellee.

Howell, Wortham & Howell, of Donaldsonville, attorneys for defendant in rule, appellant.

LECHE, J. Plaintiff obtained a writ of seizure and sale under which it caused property of the defendant to be seized, and to be sold at public auction. The property was sold for Forty-seven thousand dollars, and of this amount, the purchaser retained in his hands Forty-four thousand five hundred and twelve dollars to satisfy two anterior and superior mortgages, and he therefore paid to the Sheriff, the balance of Two thousand four hundred and eighty-eight dollars for taxes and costs, and to satisfy pro tanto, the amount of Six thousand twenty-nine and 40-100 dollars called for by the writ of seizure and sale.

In this case the purchaser happens to be the seizing creditor, so that, in fact, the formality of paying to the Sheriff the amount collected in part satisfaction of the writ would have been vain and useless, and that amount was therefore retained by the purchaser.

The question in the case is the amount of the commission which the Sheriff is entitled to receive for his services under the fee bill as fixed by Act 203, p. 485, of 1898.

Section 1 of that Act provides that the Sheriffs throughout the State * * * shall be entitled to demand and receive the following fees * * * and no more in all civil matters, to-wit:

"* * * For making an actual levy or seizure of property under execution or order of seizure and sale without sale, one dollar ($1.00); and two per cent on the first five hundred dollars and one per cent on any excess of said amount collected and paid over to the party causing the execution or order of seizure and sale to issue * * * etc. For collecting money on execution or order of seizure and sale, without either seizure or sale, two per cent on the first Five hundred dollars and one per cent on any excess of said sum."

The language of the statute is clear to the effect that the commission is only due on the amount which is collected and which is paid over to the seizing creditor.

In the present case the amount actually collected is Two thousand four hundred and eighty-eight dollars and the commission due the Sheriff is therefore two per cent on the first Five hundred dollars, or Ten dollars, and one per cent on the balance of Nineteen hundred and eighty-eight dollars, or Nineteen dollars and eighty-eight cents, making a total of Twenty-nine and 88-100 dollars.

This same question was lately presented to this Court in the case of Investors Mortgage Co. vs. Ernest Theriot, et als.,

from the Parish of St. Mary, and decided on January 5, 1928.

It is therefore ordered that the judgment herein be amended by reducing the amount allowed the Sheriff as commission, from Four hundred sixty-two and 21-100 dollars to Nineteen and 88-100 dollars, and as thus amended that the same be affirmed, plaintiff in rule to pay all costs.

PER CURIAM:

On application for rehearing, plaintiff's counsel calls our attention to the fact that the judgment herein rendered by this Court in favor of the plaintiff, decrees a larger sum to the Sheriff than is justified by the reasons assigned in the opinion. In this plaintiff is right, and the error is merely clerical and will be corrected without granting a rehearing.

Dillon vs. Freville, 132 La. 1012, 62 South. 125.

Wells vs. Johnson, 122 La. 385, 47 South. 690.

Kinder vs. Trotti, 130 La. 361, 57 South. 1005.

Succession of Pierce, 119 La. 727, 44 South. 446.

Higginbotham vs. Daigle, 120 La. 470, 45 South. 392.

The amount actually collected and paid over to the seizing creditor, was seven hundred seventy-eight and 39-100 dollars. The Sheriff's commission is therefore only twelve and 79-100 dollars, instead of Nineteen and 88-100 dollars, and our decree should accordingly be corrected and amended.

Our former judgment is therefore amended by reducing the commission to which the Sheriff is entitled, from Nineteen and 88-100 dollars to Twelve and 79-100 dollars, and as thus amended, it is reinstated and made final, and the rehearing herein applied for is refused.