FOURNET, Justice.
 

 The Prudential Insurance Company of America having foreclosed via ordinaria against the Alexandrine Courts, Inc., on its first mortgage, and the property having been adjudicated'to it at the sheriff’s sale, instituted this suit against J. Howell Flournoy, the sheriff of Caddo Parish, to recover the sum of $2,027.25, paid to the sheriff under protest, claiming that this amount was :an overcharge or in excess of the sheriff's fee authorized'by Section 1 of Act No. 203 of 1898, as amended by Act No. 167 of 1928. From an adverse judgment in the lower court, the plaintiff has appealed.
 

 The Prudential Insurance Company of America, as the holder of a $482,000 first mortgage against 'the Alexandrine Courts, Inc., obtained a judgment recognizing its first mortgage and had the property of the corporation seized, advertized, and sold under a writ of fieri facias to satisfy the same. At the sale by the sheriff, the insurance company itself bid in the property for two-thirds of its appraised value, or $235,000, which amount was credited against the writ of fieri facias and the judgment obtained by the plaintiff. The plaintiff and the sheriff were unable to agree with respect to the fee or amount of compensation due the sheriff for making the seizure and sale of the property, the amount claimed to be due by the sheriff being 2% on the first $500 and
 
 1%
 
 on any excess of that amount on the price of the adjudication of the property sold, or the sum of $2,355; that claimed to be due by the plaintiff being
 
 1%
 
 on the first $1,000, half of 1% on the next $4,-000, a fourth of 1% oh the next $8,000, and an eighth of 1% on the balance, or the sum of $327.50. The plaintiff, therefore, paid the amount of $2,355 under protest and entered into an agreement with the sheriff that the difference between $2,355 and $327.50, dr $2,027.25, would be held by the sheriff pending the final determination of the dispute.
 

 The object of Act No. 203 of 1898 is to provide a general fee bill or bill of costs regulating and fixing the fees and compensation allowed sheriffs, etc., and to
 
 *395
 
 provide for the collection of the same. The pertinent part of Section 1 of this act reads:
 

 “That the Sheriffs throughout the State of Louisiana, ‘the Parish of Orleans excepted,’ shall be .entitled to demand and receive the following fees and compensation of office and no more in all civil matters, to-wit:
 

 * * * * *
 

 “For making an actual levy or seizure of property under execution or order of seizure and sale without sale, one dollar, $1.00.
 

 “And two per cent on the first Five Hundred Dollars, and one per cent on any excess of said amount collected and paid over to the party causing the execution or order of seizure and sale to issue or to the party adjudged to be entitled thereto in case of contest over the proceeds.”
 

 The Court of Appeal for the First Circuit in a decision rendered on January 5, 1928, in the case of Investors’ Mortgage Co. v. Theriot, 7 La.App. 397, interpreted this section to mean that the sheriff was entitled to his commission only on the amount actually collected by him from the purchaser and paid over to the seizing creditor and was not entitled to collect any fee or commission on the amount retained by the adjudicatee to liquidate first and second mortgages resting on the property. The same Court of Appeal reaffirmed this interpretation in the case of Investors’ Mortgage Co. v. Prejean, 8 La.App. 46, decided on February 15, 1928. The Louisiana Legislature, meeting in May following these decisions, adopted an act introduced by counsel for the defendant in the. Prejean case, being Act No. 167 of 1928, amending and re-enacting Section 1 of Act No. 203 of 1898. The pertinent portion of the new act reads as follows: “And two per cent on the first five hundred dollars, and one per cent on any excess of said amount, on the price of adjudication of property sold, under actual levy or seizure of property under execution or order of seizure and sale, provided that when the price of the adjudication includes a mortgage or mortgages against the property sold which are assumed by the purchaser, or when the purchaser retains in his hands the amount necessary to pay such mortgage or mortgages, the fees or commission on that part of the price of the adjudication so assumed or retained by the purchaser and not paid to the Sheriff by him, shall be one (1) per cent of the first One Thousand Dollars ($1,000), one-half of one percent on the next Four Thousand Dollars ($4,000), one fourth of one per cent on the next Eight Thousand Dollars ($8,000), and one eighth of one per cent on the balance.”
 

 Thus it may be seen that by the Act of 1928 the legislature not only changed the amount upon which the sheriff’s fees are to be computed from that “collected and paid over to the party causing the execution,” to “the price of adjudication of property sold,” but it also included an additional clause excepting from the operation of this general provision those cases where the adjudicatee either assumes a ranking mortgage or mortgages or retains an amount sufficient to liquidate such mortgage or
 
 *396
 
 mortgages. In such cases the act provides' ' for a different computation in arriving at the fees to be allowed the sheriff.
 

 The language used in the Act of 1928 is clear and unambiguous and, we think, in the light of the history of the act amended thereby (Act No. 203 of 1898) was enacted for the purpose of allowing the sheriff a commission or fee not authorized under the act prior to its amendment, that is, on the amount of ranking mortgages which, under the express provisions of the Code of Practice, Articles 679, 680, 684, 706, and 709, the adjudicatee is not only authorized to retain but the receipt of which the sheriff is without right to exact. For a thorough analysis of these articles of the Code of Practice and the jurisprudence thereunder, see Investors’ Mortgage Co. v. Theriot, supra.
 

 In the instant case the property was sold free and clear of all mortgages for cash, after all of the formalities of the law had been complied with. It necessarily follows that there were no, prior mortgages resting against the property that could have been assumed by the adjudicatee and therefore no necessity for retaining any funds from the price of the adjudication to pay such mortgages. The fact that the seizing creditor here was not called upon to pay to the sheriff the amount actually bid in cash for this property is of no moment, for the adjudicatee idid, in effect, pay this amount over to the sheriff, since the writ of seizure and the judgment obtained by the plaintiff were both credited-to the extent of the ' amount of the bid. To hold otherwise 'would be to defeat the very purpose of the act, for the adjudicatee, by agreement with the seizing creditor, could pay the amount of the bid direct to the seizing creditor and, in every case, thus eliminate the sheriff’s right to the larger fee allowed under the general provision of the act.
 

 For the reasons assigned, the judgment of the lower court is affirmed, at appellant’s cost.