190 So.2d 191 (1966)
The NETHERLANDS INSURANCE COMPANY, Appellant,
v.
Elsie E. Moore, Appellee.
No. G-111.
District Court of Appeal of Florida. First District.
September 22, 1966.
*192 Larry G. Smith, of Isler & Welch, Panama City, for appellant.
Davenport, Johnston, Harris & Urquhart, Panama City, and Truett & Watkins, Tallahassee, for appellee.
WIGGINTON, Acting Chief Judge.
This appeal is from an interlocutory order entered in an action at law by which the trial court denied appellant's application for an order directing appellee to proceed with aribitration in accordance with the provisions of the uninsured motorist clause contained in the autombile liability insurance policy on which this suit was brought. Appellant contends that it was entitled to the order for which application was made, and the trial court erred in rendering its order of denial.
Appellant, an insurance company qualified to do business in Florida, issued to appellee's deceased husband an automobile liability insurance policy which extends coverage for damages suffered by the insured and resulting from the negligence of an uninsured motorist. The pertinent parts of the insurance policy sued upon are as follows:
"PART IV  PROTECTION AGAINST UNINSURED MOTORISTS.
Coverage J  Uninsured Motorists (Damages for Bodily Injury): To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.
* * * * * *
"Arbitration: If any person making claim hereunder and the company do not agree that such person is legally entitled *193 to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part."
Appellee's husband died as a result of injuries sustained by him when the insured vehicle in which he was traveling was struck by a motor vehicle operated by an allegedly uninsured motorist. Appellee, as the dependent widow of the deceased insured, instituted this common-law action on the insurance contract to recover the damages sustained by her as the result of the death of her husband by the allegedly negligent act of an uninsured motorist. She prays for judgment in the full face amount of the insurance policy, plus attorneys fees and court costs.
Upon being served with notice of the suit, appellant timely filed its written application to the court setting forth the arbitration clause contained in the insurance policy sued upon, and praying for an order directing the parties to proceed with arbitration in accordance with the provisions thereof and as authorized by the Florida Arbitration Code.[1] After hearing the trial court entered its order denying appellant's application for an order of arbitration. There is no contention by either party that any issue exists as to the making of the agreement or provision to arbitrate. This appeal from that order is taken pursuant to the applicable provision of the Florida Arbitra-Code relating to appeals.[2]
Appellee seeks to support the correctness of the order appealed by inviting attention to that part of the arbitration clause quoted above and contained in the insurance policy sued upon which provides that arbitration shall be "in accordance with the rules of the American Arbitration Association." It is appellee's position that since the parties agreed to arbitration in accordance with the rules of the American Arbitration Association, that by a process of deductive reasoning it must be held that they inferentially rejected any agreement to arbitrate under the Florida Arbitration Code, Sections 57.10-57.31, F.S.A. Appellee therefore reasons that this being so, the trial court correctly denied appellant's application to compel arbitration under the Florida Arbitration Code. With this contention we cannot agree.
The case of Bohlmann v. Allstate Insurance Company[3] involved an automobile liability insurance policy containing an uninsured motorist clause similar in all material respects to the one contained in the insurance policy sued upon in this case. In *194 Bohlmann, the provision of the policy with respect to arbitration was likewise similar in all material respects to the one here considered. The question involved was whether the terms of the insurance policy constituted a binding agreement between the parties to arbitrate any dispute which might arise between them under the uninsured motorist clause, and whether the type of arbitration contemplated by the agreement was as at common law, or was statutory in accordance with the provisions of the Florida Arbitration Code. Even though that insurance policy likewise contained a provision that the arbitration should be conducted in accordance with the rules of the American Arbitration Association, the Second District Court of Appeal nevertheless held that the agreement contemplated that the arbitration provided therein was statutory and would be conducted in accordance with the provisions of the Florida Arbitration Code, Sections 57.10-57.31, F.S.A. We agree with the conclusion reached by the Second District Court of Appeal in the Bohlmann case, and similarly hold that the terms and provisions of the insurance policy sued upon in this case require that upon the election of either party, arbitration must be resorted to as a means of settling any dispute under the uninsured motorist clause of the policy, and that the proceedings shall be in accordance with the provisions of the Florida Arbitration Code. It is noted that the various sections of this code permit the parties, by agreement, to employ different rules of procedure than those set forth in the code. The provisions of the statute confer upon contracting parties the right to enter into an arbitration agreement which will be binding and enforceable, and set out the procedure to be followed in the arbitration proceeding unless different rules of procedure are agreed upon. An agreement to employ rules of procedure different from those provided in the Code does not constitute a stipulation that the remaining provisions of the Code itself shall not apply to the arbitration as referred to in Section 57.11 thereof.
Appellee has sought to inject into this case an additional reason why the order appealed should be affirmed. The complaint filed by her contains the allegation that: "[T]he plaintiff has complied with all the applicable requirements of the said policy, but that the defendant has failed and refused to pay her the benefits to which she is entitled under Part VI of said policy." At the hearing on appellant's application for an order compelling arbitration, appellee was permitted to amend the above-quoted paragraph of her complaint by adding thereto an allegation to the effect that "the defendant denies that its policy covers a loss for wrongful death such as this." Appellee argues that the amended allegation added to her complaint creates an issue with respect to the extent of coverage afforded by the insurance policy which may only be determined in a judicial proceeding by a court of competent jurisdiction and which may not be decided in an arbitration proceeding. Appellee reasons that once the court is vested with jurisdiction to determine the issue of coverage under the insurance policy sued upon, it is then privileged to proceed with a determination of all other matters in controversy, including the amount of damages claimed.
In the early case of Cruger v. Allstate Insurance Company[4] the Third District Court of Appeal held that any question with respect to the extent of coverage afforded by the uninsured motorist clause of an automobile liability insurance policy was a judicial question which may be decided only by a court of competent jurisdiction, and could not be decided by arbitration. In that case the insurance company instituted an action for declaratory relief under Chapter 87, F.S.A., seeking a decree determining the extent of the coverage granted by the uninsured motorist clause contained in the automobile liability insurance policy issued by it. The District Court of Appeal held that *195 this procedure was the proper vehicle for determining the question of coverage in cases of this kind. In so holding it said:
"* * * It seems apparent that once either party to an insurance contract is successful in pleading a complaint for declaratory relief in the Circuit Court under the provisions of Ch. 87, Fla. Stat., F.S.A., [which is a court of general jurisdiction pursuant to Art. V, § 6, Florida Constitution F.S.A.] that said court is then fully empowered and should completely adjudicate all the rights of the parties relating to coverage, liability, damages, etc., in order that the rights of the parties not be determined in a piecemeal fashion."
A similar conclusion was later reached by the same court in the case of Zeagler v. Commercial Union Insurance Company of New York.[5]
It is obvious that the original complaint filed by appellee in this case alleges simply a common-law cause of action based upon a contract of insurance. There is no prayer for declaratory relief respecting the nature or extent of coverage afforded by the insurance policy sued upon. The belated amendment to the complaint seeking to inject into the action an issue regarding coverage is irrelevant, immaterial, and meaningless. It adds nothing to the cause of action stated in the complaint, and neither supports nor detracts from appellee's right, if any, to recover under the terms and provisions of the insurance policy. It purports to anticipate and then deny the validity of an affirmative defense available only to the defendant, contrary to proper principles of procedure. For as said by the Supreme Court of Florida in Moses v. Woodward,[6] in adopting the general principle of pleading stated in Corpus Juris: "If the pleading itself states a cause of action, the fact that it also attempts to negative or avoid a defense is not a fatal defect, but allegations made for this purpose are immaterial and may be treated as surplusage, unless defendants wish to rely upon them, in which case he will be relieved from specifically setting up his defense and may accept the issue presented by the plaintiff." See also 71 C.J.S. Pleading § 84. The foregoing rule of pleading was reaffirmed by the Supreme Court in Hough v. Menses.[7] In that case the court, speaking through Justice O'Connell, said: "Grounds (2) and (4) of the motion to dismiss are affirmative defenses which are not properly raised on motion to dismiss, but should be raised in an answer. See Fla. Rules Civ.Proc. rules 1.8(d) and 1.11(b), 30 F.S.A. The reason for this is that the plaintiff should not have the burden of anticipating a defense and then overcoming it in his initial pleading. * * *"
It has been repeatedly held that the claim by a dependent of an insured motorist is covered by the standard uninsured motorist clause appearing in automobile liability insurance policies for damages suffered by such dependent when the death of the insured is caused by the negligence of an uninsured motorist, despite the fact that the dependent's claim arises by virtue of the death by wrongful act statute, Section 768.01, F.S.A.[8]
Neither appellant's motion to dismiss the complaint, nor its application for an order directing arbitration, denies or brings into question the existence or extent of coverage afforded by the policy. By the *196 filing of its application for an order directing arbitration, appellant admits coverage as a matter of law, and is bound by the laws of this state regarding the extent of coverage provided by the uninsured motorist clause of its policy. Moreover, the terms of the uninsured motorist clause of the policy sued upon restrict arbitration to the issues of (1) the insured's right to recover against the uninsured motorist, and (2) the amount of damages suffered. Thus it is seen that in no event could the issue of coverage under the policy be considered in the arbitration proceeding, and the attempt of plaintiff to inject that issue into the case as a means of depriving appellant of the right to demand arbitration is a red herring of no legal significance.
Because of the foregoing it is our conclusion that appellant was entitled, upon its timely application, to an order requiring the parties to proceed with arbitration in accordance with the terms and provisions of the insurance policy sued upon. It is our further conclusion that this appeal is properly authorized and taken under the provisions of Section 57.29(1) (a) of the Florida Arbitration Code.[9] The order appealed is reversed and the cause remanded for further proceedings.
SACK, J., concurs.
CARROLL, DONALD K., J., specially concurs.
CARROLL, DONALD K. (specially concurring).
While I feel that the record indicates the appellant's intention is to raise the issue of coverage in the proposed arbitration proceedings, I completely concur in this court's opinion and judgment because I think that the holding therein is clear that the said issue cannot be determined in those proceedings under the decisional law and the express terms of the policy sued upon.
NOTES
[1] § 57.12, F.S.A.

"Proceedings to compel and to stay arbitration
(1) A party to an agreement or provision for arbitration subject to this law claiming the neglect or refusal of another party thereto to comply therewith may make application to the court for an order directing the parties to proceed with arbitration in accordance with the terms thereof. If the court is satisfied that no substantial issue exists as to the making of the agreement or provision, it shall grant the application. If the court shall find that a substantial issue is raised as to the making of the agreement or provision, it shall summarily hear and determine the issue and, according to its determination, shall grant or deny the application."
[2] § 57.29, F.S.A.

"Appeals
(1) An appeal may be taken from:
(a) An order denying the application to compel arbitration made under § 57.12; * * *"
[3] Bohlmann v. Allstate Insurance Company (Fla.App. 1965), 171 So.2d 23.
[4] Cruger v. Allstate Insurance Company, (Fla.App. 1964), 162 So.2d 690, 694.
[5] Zeagler v. Commercial Union Insurance Company of New York (Fla.App. 1964), 166 So.2d 616.
[6] Moses v. Woodward, 109 Fla. 348, 140 So. 651, 141 So. 117, 47 So. 690.
[7] Hough v. Menses (Fla. 1957), 95 So.2d 410.
[8] Davis v. United States Fidelity & Guaranty Company of Baltimore, Maryland (Fla.App. 1965), 172 So.2d 485; Bohlmann v. Allstate Insurance Company, supra note 3; Zeagler v. Commercial Union Insurance Company, supra note 5.
[9] Southeastern Title and Insurance Company v. Curtis (Fla.App. 1963), 155 So.2d 855.