H. WEEKE, *Appellant*, v. W. S. REEVE, *Appellee*.

Opinion Filed April 15, 1913.

1. Where a party elects to adopt one of two inconsistent remedies, he cannot afterwards pursue the other, even though he fails in the remedy elected and used.

2. Where the election of a remedy assumes the existence of a particular status or relation of the party to the subject-matter of litigation, the party cannot afterwards pursue another remedy by which he assumes a different and inconsistent status or relation to the subject-matter.

3. If a party is injured by the purchase of land because of the fraudulent misrepresentations of the vendor, the vendee may be redressed by a rescission of the conveyance in equity or by the recovery of damages in an action at law. These remedies are co-existent and inconsistent, and the election of one is a bar to the use of the other.

Appealed from the Court of Record of Escambia County.

Decree affirmed.

*E. T. Davis* and *J. N. Hutchins,* for Appellant;

*Blount & Blount & Carter,* for Appellee.

WHITFIELD, J.—On April 6, 1911, the appellant brought suit in the Court of Record for Escambia County seeking a rescission of a conveyance of land on the ground of fraudulent misrepresentations. A demurrer to the bill of complaint was sustained and amendments to the bill were made. To the amended bill the defendant Reeve pleaded that prior to the filing of the bill of complaint, the complainant herein brought an action against the defendant to recover damages for fraudulent misrepresentations in the sale and conveyance of the land, and that such action had resulted in a final judgment for the defendant Reeve. This plea was sustained by the court. By way of replication to the plea the plaintiff alleged that the common law action for damages was not authorized by him or instituted with his knowledge or consent. Testimony was taken and the court finding that the evidence sustained the plea and did not sustain the replication, dismissed the bill of complaint. A rehearing was denied and the complainant appealed.

Where a party elects to adopt one of two inconsistent remedies, he cannot afterwards pursue the other, even though he fails in the remedy elected and used. Where the election of a remedy assumes the existence of a particular status or relation of the party to the subject-matter of litigation, the party cannot afterwards pursue an

other remedy by which he assumes a different and inconsistent status or relation to the subject-matter.

If a party is injured by the purchase of land because of the fraudulent misrepresentations of the vendor, the vendee may be redressed by a rescission of the conveyance in equity or by the recovery of damages in an action at law. These remedies are co-existent and inconsistent, and the election of one is a bar to the use of the other. See Scott v. Walton, 32 Ore. 460, 52 Pac. Rep. 180. In a suit to rescind the conveyance the vendee repudiates the transfer, while in an action for damages the conveyance is ratified. See Campbell v. Kauffman Milling Co., 42 Fla. 328, 29 South. Rep. 435; American Process Co. v. Florida White Pressed Brick Co., 56 Fla. 116, 47 South. Rep. 942; McKinnon v. Johnson, 59 Fla. 332, 52 South. Rep. 288; Capital City Bank v. Hilson, 64 Fla. 206, 60 South. Rep. 189.

The plaintiff having ratified the purchase of the land by bringing an action for damages, he cannot now repudiate the purchase and have rescission. Smith v. Gray, 52 Wash. 255; 100 Pac. Rep. 339; Robb v. Vos, 155 U. S. 13, 15 Sup. Ct. Rep. 4.

Even if the amended bill of complaint contains allegations not covered by the declaration in the action at law for damages, the plaintiff knew of the facts when he brought his action for damages, and such knowledge operates as an estoppel *in pais*. See Prall v. Prall, 58 Fla. 496, 50 South. Rep. 867. The replication to the plea raises the single issue that the action at law was brought without the plaintiff's knowledge or authority. The finding for the defendant on this issue made a dismissal of the bill of complaint proper. See 18 Ency. Pl. & Pr. 685.

The evidence amply justifies the finding of the court

.that the plea was sustained and the replication was not sustained by the proofs.

The decree is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCK-ER, J. J., concur. ·