230 So.2d 17 (1970)
SUN INSURANCE OFFICE, LTD., Appellant,
v.
Charles F. PHILLIPS and Patricia Phillips, Appellees.
No. 69-277.
District Court of Appeal of Florida. Second District.
January 9, 1970.
Benjamin H. Hill, III, of Shackleford, Farrior, Stallings & Evans, Tampa, for appellant.
Richard Mulholland, Tampa, for appellees.
MANN, Judge.
The Phillips' unsworn complaint alleges that the insurer denied that its coverage of $10,000 on each of three vehicles owned by Mr. Phillips made available to Phillips $30,000 coverage under the uninsured motorist provision. The insurer filed a motion to dismiss and to compel arbitration, to which it attached an affidavit of its manager to the effect that the insurer admitted coverage in the amount of $30,000 and had never denied it. This motion was denied and this appeal ensued.
The insurer has a right under its contract to arbitration and promptly moved to compel it pursuant to Florida Statutes § 682.03 (1969), F.S.A. The order denying the "motion to dismiss and to compel arbitration" is appealable under Section 682.20 in spite of coupling with the motion to compel arbitration a motion to dismiss. Southeastern Title & Insurance Co. v. Curtis, Fla.App. 1963, 155 So.2d 855, apparently involved a motion less artfully drawn. We express no opinion on the wisdom of that decision.
We do not deal here with a case in which coverage is denied, as in Cruger v. Allstate Insurance Co., Fla.App. 1964, 162 So.2d 690, and American Southern Insurance Co. *18 v. Daniel, Fla.App. 1967, 198 So.2d 850. Both the fact and extent of coverage are here admitted.
Where the record shows no justiciable issue and the contractual right to arbitration a motion to compel it should be granted. Bohlmann v. Allstate Insurance Co., Fla.App. 1965, 171 So.2d 23; Netherlands Insurance Co. v. Moore, Fla.App. 1966, 190 So.2d 191.
This opinion is not to be taken as authority for the proposition that the extent of coverage is as the insurer has herein agreed. That question is not before us.
Reversed and remanded with directions to compel arbitration.
LILES, A.C.J., and PIERCE, J., concur.