RAWLS, Judge.
Appellant Watson entered into a contract with appellee Chase Chemical Corporation whereby Watson was named as distributor of Chase’s product known as “Ice-O-Magic” within the geographical area of Greenville County, South Carolina. A material provision of the contract between the parties is:
“This agreement shall be governed by and construed under the laws of Florida. Any controversy whatsoever relating to this agreement shall be settled by arbitration at Jacksonville, Florida, under the rules of the American Arbitration *54 Association, before any action or proceeding can be brought or maintained.”
The trial judge dismissed Watson’s complaint, with prejudice, by reason of the foregoing contractual provision. Appellant-plaintiff Watson, by this appeal, contends that the trial court should not have dismissed the instant complaint, and in support thereof argues that he was fraudulently induced to enter a contract which contained the arbitration clause.
In order to evaluate Watson’s point on appeal, it is necessary to examine the relief sought in the instant complaint. At the outset, Watson alleged: “This is an action for damages”. He next alleged that the controverted contract was entered into between the parties; that Chase Chemical promised to furnish sales assistance; that these promises and other representations were false; and that Chase falsely made such inducements to get Watson to enter into the contract. Watson concluded his complaint by alleging: “By reason of defendant’s false representations as aforesaid, Plaintiff has been damaged * * * Wherefore, Plaintiff sues Defendant and demands judgment for compensatory and punitive damages.”
It is our view that the complaint is a suit upon a contract seeking damages. Plaintiff, at the outset had two courses available: 1. To recognize the contract and sue for damages for the breach thereof, or 2. To seek rescission of the contract upon established equitable principles and seek relief pursuant thereto. The two remedies are inconsistent. In Weeke v. Reeve,[1] the Supreme Court held:
“Where a party elects to adopt one of two inconsistent remedies, he cannot aft-erwards pursue the other, even though he fails in the remedy elected and used. Where the election of a remedy assumes the existence of a particular status or relation of the party to the subject-matter of litigation, the party cannot afterwards pursue another remedy by which he assumes a different and inconsistent status or relation to the subject-matter.”
In the case sub judice, in order to have relieved himself of the binding contractual provision of an agreement to arbitrate, it was incumbent upon plaintiff to sue for rescission of the entire contract.[2]
The instant complaint does not in any respect allege the necessary elements of a suit in rescission or cancellation. Plaintiff did not at any time seek to amend in order to plead for such relief, but to the contrary alleged that a contract existed, had been breached, and that he was entitled to damages for such breach.
Affirmed.
WIGGINTON, Acting C. J., and MELVIN, WOODROW M., Associate Judge, concur.

. Weeke v. Reeve, 65 Fla. 374, 61 So. 749 (1913), Anno. 6 A.L.R.2d 59; Also see Marks v. Fields, 36 So.2d 612 (Fla.1948).

. Lummus Co. v. Commonwealth Oil Refining Co. (1st Cir. 1960), 280 F.2d 915, cert. den. 364 U.S. 911, 81 S.Ct. 274, 5 L.Ed.2d 225 (1960), states : “Of course a contract which has been fraudulently induced is not void but merely voidable, and the injured party need not avoid the contract, but may elect to affirm and seek damages in deceit. This distinction was alluded to by the Court of Appeals in Wrap-Vertiser. We think the inference is clear from that court’s decision that a mere damage claim, even though based on fraudulent inducement, does not put in issue the ‘making of the contract’ and may be arbitrated under a sufficiently broad arbitration clause.” Also see Anno. 91 A.L.R.2d 912, 938.