271 So.2d 220 (1973)
Calvin H. MERKLE, Appellant,
v.
RICE CONSTRUCTION COMPANY, a Florida Corporation, Appellee.
No. 72-694.
District Court of Appeal of Florida, Second District.
January 5, 1973.
George B. Oujevolk, Sebring, for appellant.
Howard G. Livingston, Sebring, for appellee.
PIERCE, Judge (Ret.).
This case is before us on interlocutory appeal from an order granting a motion of appellee-defendant (hereafter Rice) to dismiss, for failure to state a cause of action, a complaint filed in the Highlands County Circuit Court by appellant-plaintiff Calvin H. Merkle (hereafter Merkle) to have the Court declare null and void an arbitration agreement embodied in a contract previously entered into by the parties covering the construction of a residence for Merkle by Rice.
Numerous contentions are made by the respective parties both in the lower Court *221 and also here, but one point is, in our opinion, dispositive of this appeal. This is the fact that the contract between the parties provided affirmatively for arbitration in case of dispute between them, and the Florida Statutes recognize the legal medium of arbitration to settle such disputes.
F.S. § 682.02 F.S.A. is as follows:
"682.02 Arbitration agreements made valid, irrevocable and enforceable; scope
Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof. Such agreement or provision shall be valid, enforceable and irrevocable without regard to the justiciable character of the controversy; provided that this law shall not apply to any such agreement or provision to arbitrate in which it is stipulated that this law shall not apply or to any arbitration or award thereunder."
F.S., Ch. 682 F.S.A., comprising §§ 682.01 to 682.22, is by its terms the "Florida Arbitration Code" and supersedes or replaces former §§ 57.10 to 57.31 F.S. inc. Present F.S., Ch. 682 F.S.A. provides not only for arbitration between contracting parties where mutually agreed to as a part of their contractual obligations but likewise sets forth a comprehensive pattern of procedure for carrying out and enforcing such arbitration. See F.S., § 682.03 F.S.A. et seq. It is unnecessary here to go into the details of such procedure. Ch. 682 is explicit in its terms.
The parties hereto entered into a written construction contract on November 26, 1971, whereby Rice, as the Contractor, agreed to build and furnish all the materials for construction of a residence for Merkle, according to drawings and specifications contained therein prepared by one Hancock, an architect. For such construction work Merkle agreed to pay Rice the sum of $22,213.00.
During the progress of the construction work, disagreements arose between the parties. Merkle first filed a Forcible Entry and Detention action against Rice. Later, on June 7, 1972, Rice filed a Demand for Arbitration with the American Arbitration Association. While that proceeding was still pending Merkle filed the instant action in the Highlands County Circuit Court seeking to stay the arbitration proceeding, contending that the original construction agreement between the parties was null and void because Merkle had "discovered that Carl Hancock was not a registered architect, and that the so-called architectural drawings prepared by said Carl Hancock supposedly an independent architect were not true architectural drawings and the fact that said Carl Hancock was not an architect was well known to defendant ...". Rice filed motion to dismiss Merkle's complaint on the ground it conflicted with provisions of F.S., Ch. 682 F.S.A. and was "an attempt to litigate for a second time a matter pending between the parties, namely, Arbitration Proceedings filed with the American Arbitration Association initiated pursuant to" provisions of the construction contract between the parties, which "irrevocably bound" the parties to submit to arbitration any disagreement arising out of the contract or from the breach thereof. On July 26, 1972, the Court granted motion to dismiss the complaint, from which order Merkle has interlocutorily appealed. We affirm.
Both parties voluntarily entered the construction contract and mutually agreed to submit to arbitration any differences that might arise between them during the progress of carrying out the construction work under the agreement. The purpose of such arbitration provision in the agreement was to avoid just such litigation and Court controversy *222 as Merkle has herewith instituted. Such a solution of possible subsequent disagreements is the very purpose for which Ch. 682 was enacted. All contentions made by Merkle with reference to the alleged invalidity of the construction contract and/or allegedly wrongful actions of Rice pursuant thereto may be, and should be, resolved within the framework of the arbitration process, to which Merkle, along with Rice, agreed in executing the original agreement.
The interlocutory order appealed from is therefore 
Affirmed.
HOBSON, Acting C.J., and McNULTY, J., concur.