ON PETITION FOR REHEARING
OWEN, Chief Judge.
The third party defendant had sought an order to stay further proceedings on the third party complaint and to compel arbitration in accord with the contract between him and the third party plaintiff. Seeking interlocutory review of the interlocutory order denying this motion, the third party defendant filed both an interlocutory appeal and a petition for writ of certiorari which we had consolidated for the purposes of the record and for briefing. We concluded that F.S. Section 682.20(1)(a), F.S.A. authorized interlocutory appeal as a means of review of an order denying an application to compel arbitration. Sun Insurance Office, Ltd. v. Phillips, Fla.App. 1970, 230 So.2d 17; Netherlands Insurance Company v. Moore, Fla.App. 1966, 190 So.2d 191; Contra, Shearson, Hammill & Co., Inc. v. Vouis, Fla.App. 1971, 247 So.2d 733. We also conclude that *38 the court properly denied the motion to compel arbitration and rendered a per curiam decision of affirmance without opinion. In so doing, we disposed of the certiorari inferentially but not expressly.
On petition for rehearing and for oral argument on the merits, the plaintiff-appellant essentially re-argues the position taken in his brief but does call our attention to Rule 4.5(c)(5), F.A.R., 32 F.S.A., which he says automatically entitled him to oral argument as a matter of right. Such position is not sound in view of Rule ■3.10(e), F.A.R. permitting the court in its discretion to dispense with oral argument in any case. However, that point is more academic than real because having determined that we had jurisdiction by interlocutory appeal we had intended to dismiss the petition for writ of certiorari which we hereby do expressly. With this clarifi;ation, this petition for rehearing is denied.
MAGER and DOWNEY, JJ., concur.