334 So.2d 287 (1976)
MORTON Z. LEVINE AND ASSOCIATES, CHARTERED and Morton Z. Levine, Petitioners,
v.
George VAN DEREE and Susan Van Deree, Husband and Wife, Respondents.
No. 75-711.
District Court of Appeal of Florida, Second District.
July 2, 1976.
Charles J. Cheves, Jr. of Cheves & Hazen, Venice, for petitioners.
Robert C. Widman of Nelson, Hesse, Cyril & Weber, Sarasota, for respondents.
J. Michael Huey of Huey & Camper, Tallahassee, for amicus curiae, Florida Ass'n of the American Institute of Architects.
HOBSON, Acting Chief Judge.
Respondents brought suit against petitioners on a contract for architectural services. The amended complaint contained three counts. The first count was for a breach of the contract and demanded damages. The second count alleged misrepresentation and breach of a fiduciary duty to the respondents and demanded damages. The third count was based on negligence and demanded damages. The petitioners filed a motion to dismiss all counts and a motion to compel arbitration.
The contract contained a standard arbitration clause, the essential part of which provided:
"11.1 All claims, disputes and other matters in question arising out of, or relating to, this Agreement or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate *288 shall be specifically enforceable under the prevailing arbitration law."
The trial court entered an order dismissing count 1 and ordering respondents to submit to arbitration as to count 1. The court denied the motion to dismiss and compel as to counts 2 and 3 for the reason that they were founded on allegations sounding in tort. The petitioners brought this petition for writ of certiorari to review the denial of their motion to dismiss and compel arbitration as to counts 2 and 3.
The respondents rely mainly on two cases: Shearson, Hammill & Co. v. Vouis, Fla.App.3d 1971, 247 So.2d 733, and Klosters Rederi A/S v. Arison Shipping Company, Fla. 1973, 280 So.2d 678. For the reasons set forth by our sister court in Mills v. Robert W. Gottfried, Inc., Fla.App.4th 1973, 272 So.2d 837, we respectfully decline to apply the rationale of Shearson, supra, to this case.
The facts in Klosters, supra, are in many ways distinguishable from the instant case. There, there were complicated issues, some of which involved allegations of fraud, the presence of numerous third parties, and a receiver had been appointed, which appointment was affirmed on appeal. The Supreme Court, in Klosters, also pointed out that the party demanding arbitration had acted inconsistently with its demand, which constituted a waiver of any contractual right to arbitration. None of these facts are present in this case.
This case is more nearly in line with Watson v. Chase Chemical Corporation, Fla.App.1st 1971, 249 So.2d 53. In Watson, although the complaint alleged fraud and misrepresentation, it demanded damages and the appellate court affirmed the trial court where it dismissed the complaint because of the agreement to arbitrate set forth in the contract between the parties.
This court, in Merkle v. Rice Construction Company, Fla.App.2d 1973, 271 So.2d 220, held that a complaint to declare null and void an arbitration agreement contained in a contract entered into between the parties should be dismissed and any differences resolved through arbitration as provided in the agreement entered into between the parties.
The purpose of arbitration is to avoid litigation such as this. Therefore, the petition for writ of certiorari is granted.
BOARDMAN and GRIMES, JJ., concur.