352 So.2d 561 (1977)
R.B.F. MANAGEMENT COMPANY, a Florida Corporation, Appellant,
v.
SUNSHINE TOWERS APARTMENT RESIDENCES ASSOCIATION, INC., a Nonprofit Florida Corporation, Appellee.
No. 77-15.
District Court of Appeal of Florida, Second District.
November 30, 1977.
Patrick W. Rinard of Baxter & Rinard, Clearwater, for appellant.
Richard M. Robbins and John C. Locke, Clearwater, for appellee.
OTT, Judge.
Defendant/appellant  a condominium management company  brings this interlocutory appeal from an order denying its motion to compel arbitration. Plaintiff/appellee is a nonprofit condominium association whose members are the owners of condominium apartments (unit owners) known as Sunshine Towers. Sunshine Towers is a phased development condominium project consisting of three separate apartment buildings. Appellee and appellant entered into separate management agreements for each building. In each agreement clause XXI read as follows: "Arbitration: Any disputes arising hereunder shall be settled by arbitration pursuant to the Florida Arbitration Code." When the management contracts were first executed the condominium association was still under the control of the developer creating what is ofttimes referred to as "sweetheart contracts." This litigation arose after individual purchasers of the units assumed control of the association.
The issue here is the enforceability of the compulsory arbitration clause of the three contracts for the purpose of determining the validity of the entire contract. The trial court held that arbitration could not be compelled for such purpose. We agree.
*562 This litigation arises out of the dissatisfaction and wrangling that has become so typical between the individual unit owners of a condominium complex (normally through and in the name of the owners association) and the management company (normally the creation of the developer) over the performance or continuation of management and maintenance contracts and the charges or fees incident thereto.
In a commendable effort to address and resolve many of the common complaints the legislature has enacted comprehensive legislation that is now principally contained in Chapters 718 and 719 of the Florida Statutes (originally Chapter 711, Florida Statute).
In this particular case the unit owners (association) sought to set aside the management contracts in a five count complaint. Four of the counts sought termination of the contracts under some specific provision of the Florida Statutes as follows:
1. In Count I on cancellation of the contract by a vote of 75% of the unit owners under the circumstances specified in Section 711.66(5)(a), Florida Statutes (now § 718.302(a)).
2. In Count II on the unreasonableness or unfairness of the management contract as permitted by Section 711.66(5)(e), Florida Statutes (now § 718.302(2)).
3. In Count IV on the inclusion of an escalation clause of the type prohibited by Section 711.231, Florida Statutes (now § 718.302(3)).
4. In Count V as constituting an illegal restraint against alienation within the meaning of Section 689.18, Florida Statutes.
The remaining Count III asserts such a total breach or nonperformance as to warrant rescission of the contract.
There is no claim for damages in any of the five counts of the complaint, only "rescission"  together with such appropriate restitution or relief as flows therefrom.
Various motions, hearings and amendments finally resulted in settling the pleadings and thereupon a motion was made by the appellant to compel arbitration pursuant to the arbitration clause of the contracts and the provisions of Section 682.02 and 682.03, Florida Statutes (1975).
The circuit court entered an order denying the motion to compel arbitration. The order stated in relevant part:
Since plaintiff seeks rescission of the entire agreement between the parties and not to revoke any particular provision of the management contracts, it would be inconsistent with organic law to enforce the arbitration provision contained in the management agreements, notwithstanding the fact that the defendant has properly invoked this Court's jurisdiction to compel arbitration pursuant to Section 682.03, Florida Statutes and notwithstanding the provisions of Section 682.02, Florida Statutes, which provides, inter alia, that an agreement or provision in a contract requiring arbitration shall be valid, enforceable, and irrevocable without regard to the justiciable character of the controversy.
The decision we face is whether or not the trial court was correct in its order. We do not believe any Florida appellate court has squarely faced the proposition presented by this appeal. However, various appellate decisions do give some suggestion of what we conclude is the proper disposition of this difficult problem. While we do not attempt to deal with all of the appellate decisions bearing on the question, we hereafter deal with certain representative cases.
In Watson v. Chase Chemical Corp., 249 So.2d 53 (Fla. 1st DCA 1971) Watson entered into a contract with Chase whereby Watson was named as distributor of a Chase product. The arbitration clause contained in the contract provided as follows:
This agreement shall be governed by and construed under the laws of Florida. Any controversy whatsoever relating to this agreement shall be settled by arbitration ... before any action or proceeding can be brought or maintained. 249 So.2d at 53-54.
Watson's action was for breach of contract and damages. The court pointed out that *563 the "complaint does not in any respect allege the necessary elements of a suit in rescission or cancellation," 249 So.2d at 54, and that "in order to have relieved himself of the binding contractual provision of an agreement to arbitrate, it was incumbent upon plaintiff to sue for rescission of the entire contract." 249 So.2d at 54 citing Lummus Co. v. Commonwealth Oil Refining Co., 280 F.2d 915 (1st Cir.1960).
The Watson court stated that at the outset of the lawsuit Watson had two courses available: "1. To recognize the contract and sue for damages for breach thereof, or 2. To seek rescission of the contract upon established equitable principles and seek relief pursuant thereto." 249 So.2d at 54. The court cited Weeke v. Reeve, 65 Fla. 374, 61 So. 749, 750 (1913) for the proposition that "[w]here a party elects to adopt one of two inconsistent remedies, he cannot afterwards pursue the other, even though he fails in the remedy elected and used." To this same effect is Lummus, supra, where the court held:
Nor can ... [plaintiff's demands] be claims for cumulative relief under which [plaintiff] both affirms the contract and receives damages, and at the same time rescinds the contract and gets restitution. Such double recovery is nowhere allowed. 280 F.2d at 927.
In Morton Z. Levine & Assoc., Chartered v. Van Deree, 334 So.2d 287 (Fla. 2d DCA 1976) this court followed Watson in enforcing an arbitration provision. The contract therein contained a standard arbitration clause, the essential part of which provided:
All claims, disputes and other matters in question arising out of, or relating to, this Agreement or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. 334 So.2d at 287-88.
Respondents filed a three count complaint against petitioners on a contract for architectural services. The first two counts sought damages for breach of the contract and for fraud and misrepresentation. The third count of the complaint was based on negligence and demanded damages. Petitioners filed a motion to dismiss all counts and a motion to compel arbitration. The lower court denied the motion to compel arbitration with reference to counts two and three. This court reversed on the authority of Watson and Merkle v. Rice Construction Co., 271 So.2d 220 (Fla. 2d DCA 1973).
In Merkle v. Rice Construction Co., supra, a contractor [Rice] entered into a written contract to construct a residence for Merkle according to drawings and specifications to be prepared by an architect named Hancock. The contract contained an arbitration clause. A disagreement arose. Merkle filed a Forcible Entry and Detention action against Rice. Rice filed a Demand for Arbitration with the American Arbitration Association. While that proceeding was still pending, Merkle filed this action seeking to stay the arbitration proceeding, contending that the construction agreement between the parties was null and void because the architect Hancock was not registered and therefore the drawings were not true architectural drawings. Rice filed a motion to dismiss Merkle's complaint on the ground that it conflicted with Section 682.02, Florida Statutes [the "arbitration is irrevocable" statute] in that Rice was attempting to litigate a matter already pending between the parties in the prior proceedings. As clearly indicated therein, this court construed the action as a collateral attempt to avoid the arbitration clause of the contract. Under the provisions of Section 682.03, Florida Statutes, such an application, if proper at all, should clearly have been asserted in the original action. This court affirmed the lower court's dismissal of Merkle's complaint.
We hold that the Watson rule as approved by this court in Levine is applicable to the instant situation. Appellee did not seek damages. On the basis of statutory rights that could not be asserted until the *564 association came under the control of the unit owners, the appellee sought rescission of the entire contract and restoration of the parties to the status quo. If granted, this would necessarily leave the parties with no contract at all. Thereupon, the court would, in the exercise of its complete jurisdiction, continue with such further proceedings as might be required to return the parties to their original positions as nearly as possible. If rescission is denied the court will be faced with the problem of whether it may retain jurisdiction upon demand of either of the parties for arbitration. We do not attempt an answer to this question nor the question of which of the established statutory violations, if any, allow for traditional rescission (void in its inception) or simply afford total or partial cancellation together with such relief as may be incident thereto.
We recognize that persuasive and respectable authority exist for the proposition that the viability of the arbitration clause is separable and must, itself, be specifically attacked upon some appropriate ground. This would seem to leave the validity of the remainder of the contract provisions as arbitrable. See Lummus, supra, for a comprehensive treatment of both positions. We choose not to adopt this approach, at least in the situation here presented.
The order of the trial court denying the appellant's demand for arbitration is therefore affirmed.
HOBSON, Acting C.J., and McNULTY, JOSEPH P. (Ret.), Associate Judge, concur.