386 So.2d 286 (1980)
VIC POTAMKIN CHEVROLET, INC., Jim Smith and Walter Ritter, Etc., Appellants,
v.
Stephen A. BLOOM and Donna K. Bloom, Appellees.
No. 80-259.
District Court of Appeal of Florida, Third District.
July 15, 1980.
Daniels & Hicks and Mark Hicks, Paige & Catlin, Miami, for appellants.
Milton Kelner, Miami, for appellees.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
By this interlocutory appeal, appellants challenge an order entered by the lower tribunal denying their motion to compel arbitration.
*287 The threshold question to be determined is whether this court has jurisdiction to review the challenged order pursuant to Florida Rule of Appellate Procedure 9.130. Appellants claim the right to interlocutory appeal is conferred by the Florida Arbitration Code, Section 682.20(1)(a), Florida Statutes (1979) and cases decided prior to the adoption of the current Florida Rules of Appellate Procedure[1] wherein similar orders were reviewed pursuant to the former provisions of Section 4.2a. of the Florida Appellate Rules, 1962 Revision, citing Damora v. Givotovsky, 301 So.2d 37 (Fla. 4th DCA 1974); Gersh v. Concept House, Inc., 291 So.2d 258 (Fla. 3d DCA 1974) and Sun Insurance Office Ltd. v. Phillips, 230 So.2d 17 (Fla. 2d DCA 1970).
We have no quarrel with those cases because the Florida Appellate Rules, 1962 Revision, Rule 1.4 formerly provided that: "All statutes not superseded hereby or in conflict herewith shall remain in effect as rules promulgated by the Supreme Court." We find that this rule has not been carried forth under the current Florida Rules of Appellate Procedure. Specifically, Florida Rule of Appellate Procedure 9.010, in part provides: "[t]hese rules shall supersede all conflicting rules and statutes." Under Article V, Section 2(a) of the Florida Constitution, our Supreme Court is solely invested with the authority to promulgate rules for the practice and procedure in all courts. Consequently, all statutes that purport to govern the right to appeal are now inoperative. In re Wartman's Estate, 128 So.2d 600 (Fla. 1961). We therefore reject the argument that Section 682.20(1)(a) confers the right to appellate review.
Section 682.03(1), Florida Statutes (1979) authorizes a party to an arbitration agreement claiming the neglect or refusal of another party to comply therewith to apply to the circuit court for an order directing the parties to proceed with arbitration.[2] Where the right to arbitrate is not in dispute, permitting the parties to litigate the dispute in the courts instead of proceeding by arbitration as agreed would constitute a departure from the essential requirements of law. For this reason, we elect to treat the interlocutory appeal as a petition for common law certiorari pursuant to Florida Rule of Appellate Procedure 9.100. In doing so, we find ourselves in alignment with the Second District in Morton Z. Levine and Associates Chartered v. Van Deree, 334 So.2d 287 (Fla. 2d DCA 1976) and the Fourth District in Lumbermen's Mutual Casualty Company v. Beaver, 355 So.2d 441 (Fla. 4th DCA 1978) and King v. Thompson & McKinnon Auchincloss Kohlmeyer, Inc., 352 So.2d 1235 (Fla. 4th DCA 1977).
The respondents filed a complaint alleging fraud and deceit by petitioners, Vic Potamkin Chevrolet, Inc., Jim Smith and Walter Ritter, as its agents and employees, arising out of the purchase and sale of a 1979 Chevrolet Corvette wherein they sought compensatory and punitive damages. In their complaint, the Blooms did not seek rescission or cancellation as they might, R.B.F. Management Co. v. Sunshine Towers Apartment Residences Association, Inc., 352 So.2d 561 (Fla. 2d DCA 1977); Watson v. Chase Chemical Corporation, 249 So.2d 53 (Fla. 1st DCA 1971), or place in issue the validity of the entire contract. Caltagirone v. School Bd. of Hernando Cty., 355 So.2d 873 (Fla. 2d DCA 1978). On deposition, respondents admitted that they had made and signed a purchase invoice which contained the following clause:
Any controversy or claim arising out of, or relating to this agreement, or a breach thereof, shall be settled by arbitration under the laws of the State of Florida, in accordance with the rules then in force of the American Arbitration Association, and any judgment upon the award rendered may be entered in any court having jurisdiction thereof.
*288 Petitioners filed a motion to compel arbitration in accordance with this standard arbitration clause, a copy of which was before the court. On the hearing on the motion to compel, the only issue before the court was whether it should compel arbitration. Since the record showed no justiciable issue regarding the contractual right to arbitrate, the motion to compel arbitration should have been granted. Sun Insurance Office Ltd. v. Phillips, supra, at 18; Netherlands Insurance Co. v. Moore, 190 So.2d 191 (Fla. 1st DCA 1966).
The Blooms contend that petitioners, Smith and Ritter, were not parties to the arbitration contract and consequently for that reason arbitration should be denied. The answer to this contention is governed by the breadth and scope of the arbitration provision. In this case, the parties agreed to arbitrate "[a]ny controversy or claim arising out of, or relating to this agreement, ..." which is broad enough to include persons within the respondent superior doctrine. Morton Z. Levine and Associates Chartered v. Van Deree, supra.
Finally, the Blooms contend that the agreement was permeated with fraud in its inducement. In Watson v. Chase Chemical Corporation, supra that court, confronted with a similar contention, resolved it by concluding that it was incumbent upon the plaintiff to sue for rescission or cancellation, citing Lummus Co. v. Commonwealth Oil Refining Co., 280 F.2d 915 (1st Cir.), cert. denied, 364 U.S. 911, 81 S.Ct. 274, 5 L.Ed.2d 225 (1960) for the following proposition:
Of course a contract which has been fraudulently induced is not void but merely voidable, and the injured party need not avoid the contract, but may elect to affirm and seek damages in deceit. This distinction was alluded to by the Court of Appeals in Wrap-Vertiser. We think the inference is clear from that court's decision that a mere damage claim, even though based on fraudulent inducement, does not put in issue the `making of the contract' and may be arbitrated under a sufficiently broad arbitration clause. Also see Anno. 91 A.L.R.2d 912, 938.
249 So.2d at 54 accord Merkle v. Rice Construction Company, 271 So.2d 220 (Fla. 2d DCA), cert. denied, 274 So.2d 234 (Fla. 1973).
For the foregoing reasons, the order denying the motion to compel in quashed with directions to grant the motion directing the parties to proceed with arbitration in accordance with the terms of the agreement.
HUBBART, Judge (concurring).
I concur in the opinion and judgment of the court in quashing the order under review and remanding the cause to the trial court with directions to compel the parties to arbitrate. I also agree with the court's conclusion that we have no jurisdiction to entertain this appeal under Section 682.20(1)(a), Florida Statutes (1979), and should treat the appeal herein as a petition for a writ of certiorari. Art. V, § 4(b)(3), Fla. Const.; Fla.R.App.P. 9.040(c), 9.100. I cannot, however, subscribe to the reason given by the court for reaching the latter conclusion and would put the result reached on a slightly different legal basis.

A
We deal here with an appeal from an interlocutory order of the trial court, to wit: an order denying a motion to arbitrate. The controlling constitutional provision which governs the jurisdiction of this court to hear an appeal from an interlocutory order entered by a trial court is Article V, Section 4(b)(1), Florida Constitution, which provides as follows:
"District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to the supreme court or a circuit court. They may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court." [emphasis added]
It is, therefore, plain that our jurisdiction to entertain appeals from interlocutory or non-final *289 orders entered by a trial court is set exclusively by rule of the Florida Supreme Court; it may not be conferred by statute. Section 682.20(1)(a), Florida Statutes (1979), which purports to create a right to appeal from an interlocutory order denying an application to compel arbitration is, accordingly, inoperative unless otherwise adopted by rule of the Florida Supreme Court. It is undisputed, however, that the Florida Supreme Court in Fla.R.App.P. 9.130 did not include an order denying a motion to compel arbitration as one of the non-final or interlocutory orders which, under the constitution, may be reviewed in this court by appeal. It, accordingly, appears clear that we have no jurisdiction to entertain the instant proceeding as an interlocutory appeal.[1]

B
The court in the instant case reaches the same result, but does so by a different route. The court declares Section 682.20(1)(a), Florida Statutes (1979), inoperative because (a) it announces a rule of practice and procedure which only the Florida Supreme Court may promulgate under Article V, Section 2(a) of the Florida Constitution, and, (b) the statute, although adopted by implication as a rule of procedure by Fla.R. App.P. 1.4 (1962), is no longer so adopted by Fla.R.App.P. 9.010 (1977). Although I agree with the result reached, I cannot subscribe to the line of reasoning employed as, in my view, the above statute does not announce a rule of practice or procedure.
The Florida Supreme Court in State v. Furen, 118 So.2d 6 (Fla. 1960), held that a statute conferring a right to appeal upon a litigant deals with a substantive right, rather than a rule of practice and procedure. Section 682.20(1)(a), Florida Statutes (1979), confers a right to appeal from an interlocutory order denying a motion to compel arbitration, and, as such, deals with a matter of substance, rather than a matter of practice and procedure. For that reason, the statute could not be adopted by implication under either Fla.R.App.P. 1.4 (1962) or Fla.R. App.P. 9.010 (1977), In Re Wartman's Estate, 128 So.2d 600 (Fla. 1961), and cannot fall, as the court concludes, because it announces a rule of practice and procedure in conflict with Article V, Section 2(a) of the Florida Constitution; the statute falls, in my view, because it announces a rule of substance on the right to take an interlocutory appeal which, as previously explained, is in conflict with Article V, Section 4(b)(1) of the Florida Constitution.
In addition, I cannot agree with the court's pronouncement in its opinion that "all statutes that purport to govern the right to appeal are now inoperative." I think it more accurate to state that all statutes which purport to announce rules of appellate practice and procedure in the courts are inoperative unless adopted by rule of the Florida Supreme Court. State v. Furen, 118 So.2d 6 (Fla. 1960); Art. V, § 2(a), Fla. Const.

C
Beyond that, I entirely agree with the court in treating the instant appeal as a petition for a writ of certiorari and in quashing the order under review. Art. V, § 4(b)(3), Fla. Const.; Fla.R.App.P. 9.040(c), 9.100. The petitioners have shown on this record that the trial court acted in excess of its jurisdiction by entertaining the respondents' complaint and in denying the petitioners' motion to compel arbitration. Upon such a showing, a petition for a writ of certiorari clearly lies in this court. Santini Bros., Inc. v. Grover, 338 So.2d 79 (Fla. 4th DCA 1976).
For the reasons stated above, I concur in the opinion and judgment of the court, save for that portion of the opinion stating the *290 reasons why we have no interlocutory appeal jurisdiction in this cause.
NOTES
[1] Florida Rule of Appellate Procedure 9.010 provides that these rules "shall take effect at 12:01 a.m. on March 1, 1978."
[2] Prior to a court directing the parties to proceed with arbitration the court must be "satisfied that no substantial issue exists as to the making of the agreement or provision ..." § 682.03(1), Fla. Stat. (1979).
[1] To the extent that Damora v. Givotovsky, 301 So.2d 37 (Fla. 4th DCA 1974); Gersh v. Concept House, Inc., 291 So.2d 258 (Fla. 3d DCA 1974); and Sun Insurance Office Ltd. v. Phillips, 230 So.2d 17 (Fla. 2d DCA 1970), reach a different result, I would recede from Gersh and decline to follow Damora and Sun Insurance. In my view, the interlocutory appeal entertained by these cases should more properly have been treated as a petition for a writ of certiorari as we do now in the instant case.