395 So.2d 1171 (1981)
WILLIAM PASSALACQUA BUILDERS, INC., Appellant,
v.
MAYFAIR HOUSE ASSOCIATION, INC., Appellee.
RESNICK DEVELOPERS SOUTH, INC., Appellant,
v.
MAYFAIR HOUSE ASSOCIATION, INC., Appellee.
Nos. 79-158, 79-161, 79-262, 79-641 and 79-1666.
District Court of Appeal of Florida, Fourth District.
February 25, 1981.
*1172 Larry Klein, West Palm Beach, Paul J. Walstad of Walstad, Kasimer, Tansey & Ittig, Washington, D.C., Welbaum, Zook, Jones & Williams, Miami, Peterson, Young, Self & Asselin, Atlanta, Ga., and Jones & Foster, P.A., West Palm Beach, for appellants, William Passalacqua Builders, Inc., and General Insurance Company of America, Inc.
Timothy P. McCarthy, Palm Beach, and F. Martin Perry, West Palm Beach, for Resnick Developers South.
Joel M. Weissman of Law Offices of Ronald Sales, Palm Beach, for Mayfair House Association.

ON REHEARING
BERANEK, Judge.
This case involves three actions, culminating in numerous non-final and final appeals and a petition for certiorari. There are, primarily, four parties involved, Mayfair House Association, Inc., representing Mayfair House Condominium's unit owners, Resnick Developers South, Inc., the developer of Mayfair House Condominium, William Passalacqua Builders, Inc., the general contractor on the Mayfair House project, and General Insurance Company of America, the surety on Passalacqua's performance bond. Before the building was completed, various disputes arose between Passalacqua and Resnick concerning the construction, including claims by Passalacqua that Resnick had not paid it for work performed. The contract between the developer and builder provided for arbitration of disputes. Passalacqua instituted arbitration against Resnick who counterclaimed in the arbitration proceedings for damages for defective construction and delays by Passalacqua.
Meanwhile, Passalacqua filed a claim of lien against the property and sued Resnick to foreclose the mechanic's lien. Resnick counterclaimed against Passalacqua and General Insurance Company seeking the identical relief as sought in the arbitration proceedings for alleged construction defects. Passalacqua and General Insurance Company moved to stay all proceedings in the lien foreclosure case pending arbitration of the same dispute. The trial court granted the stay. Resnick appealed that order to this Court, which affirmed without opinion on April 15, 1977 (DCA Case No. 76-2041).
Mayfair filed a separate suit on March 10, 1976, on behalf of its unit owners against Resnick for construction defects and deficiencies based on breach of contract and breach of implied warranties. Mayfair also sued Passalacqua for negligence, breach of contract, and breach of implied warranty, and General Insurance Company under its performance bond. Resnick cross-claimed on July 20, 1977, against Passalacqua and General Insurance Company seeking damages for breach of the construction contracts. The Resnick crossclaim against the builder once again sought damages for the same construction defects involved in the pending arbitration proceedings and the pending, but stayed, mechanic's lien action. Passalacqua cross-claimed against Resnick for damages and indemnification for any construction defects for which they might be held liable to Mayfair.
Passalacqua and General Insurance moved in the Mayfair suit to compel arbitration of portions of Resnick's crossclaim. The motions were denied, and both Passalacqua and General Insurance Company appealed seeking interlocutory review. (DCA Case No. 79-158 and Case No. 79-161).[1] *1173 Passalacqua additionally moved to stay Resnick's crossclaim in the Mayfair suit pending completion of the arbitration proceedings. The motion was denied and Passalacqua sought review by petition for writ of certiorari (DCA Case No. 79-262). Passalacqua subsequently requested this Court to stay Resnick's crossclaim and by order of February 14, 1979, this Court stayed the crossclaim, except as to Count III, which sought to restrain and permanently enjoin the arbitration proceedings (DCA Case No. 79-641). The trial court neither compelled nor enjoined arbitration of the dispute and arbitration proceeded but was not completed until subsequent to the trial of the suit by Mayfair.
The arbitration proceedings ended November 24, 1979, with a $1,721,171.00 award to Passalacqua against Resnick for amounts owed under the contract and for extras. Resnick's counterclaim for construction defects against Passalacqua was denied. This arbitration award determined all issues between the parties and conclusively established that Resnick proved no construction defects against Passalacqua or General Insurance Company.
We conclude that the contract between the parties required arbitration of the dispute in question. The construction contract between Passalacqua and Resnick provided in paragraph 7.10.1:

All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, except as set forth in Subparagraph 2.2.9 with respect to the Architect's decision on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided in Subparagraphs 9.7.5 and 9.7.6, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties, mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof. (Emphasis added.)
Contract provisions for arbitration of all claims, disputes or other matters arising out of or relating to a construction contract are enforceable in accordance with the Florida Arbitration Code. Mills v. Robert W. Gottfried, Inc., 272 So.2d 837 (Fla. 4th DCA 1973). Any party to a construction contract subject to the Arbitration Code may apply to the circuit court for an order to compel arbitration. Section 682.03, Florida Statutes (1977). A motion to compel arbitration requires determination of the existence of a valid agreement to arbitrate, the existence of arbitrable issues and whether arbitration has been waived. Bigge Crane and Rigging Co. v. Docutel Corporation, 371 F. Supp. 240 (E.D.N.Y. 1973). Any action or proceeding involving an issue subject to arbitration should be stayed if an order for arbitration or an application thereof has been made. Section 682.03(3), Florida Statutes (1977). If the arbitrable issue is severable, the stay may be entered with respect thereto only.
In the instant case, the trial court erred in refusing to compel arbitration of those issues raised in Counts I and II of Resnick's crossclaim but the effect of this rather complex litigation is that arbitration properly occurred prior to trial of these same issues in the suit brought by Mayfair. Consequently, the non-final appeals and the petition for certiorari pertaining to compelling or staying arbitration proceedings are determined to be moot. (DCA Case Nos. 79-158, 79-161, 79-262).
Within a very few days of the February, 1979, orders of this Court, the trial court began the jury trial on Mayfair's construction defects suit against Passalacqua, Resnick and General Insurance Company. On March 9, 1979, the jury entered its verdicts *1174 in the Mayfair case finding for Mayfair and against Resnick in the amount of $334,404.00, for Mayfair and against Passalacqua in the amount of $35,370.00, and for General Insurance Company on Mayfair's claim against it. The trial court rendered its final judgments in accordance with the verdicts on March 19, 1979, and subsequently denied Resnick's motion for new trial. Resnick appealed (DCA Case No. 79-1666), raising three points: (1) Error in refusing to permit Resnick to elicit testimony regarding the surety's participation in the construction. (2) Error in refusing to continue the case when the "inextricably intertwined" crossclaim between Resnick and Passalacqua had been stayed by this court. (3) The jury's failure to follow the court's instruction requiring them to construe the performance bond and construction contract together.
We find no merit to any of appellant/Resnick's contentions and affirm. We initially note that Resnick's arguments under Points (1) and (3) are really arguments in favor of plaintiff against the surety. Resnick contends that it was improperly prevented from introducing evidence about the surety's actual completion of construction on the project. Appellant urges that such evidence would have resulted in the jury's returning a verdict other than the "zero" verdict which was returned against the surety. The same argument is made in regard to the alleged failure of the jury to follow the court's instructions about construing the performance bond and the construction contract together. Initially we note that Mayfair's claims against the Surety were based solely on the surety bond and not on any other theory. Although we are somewhat perplexed as to Resnick's standing to raise these arguments, we find no error whatsoever. Resnick has not directed this Court to any specific prejudice resulting to it in the defense of plaintiff's claims against Resnick for construction defects and deficiencies. In addition, it appears that other evidence was presented to the jury as to the surety's actual participation in construction. Thus, if the trial court erred in refusing to allow Resnick to introduce testimony from a particular witness in this regard, the error was harmless.
As to Point (2), Resnick argues that the crossclaim was "inextricably intertwined" with the issues in the plaintiff's suit and that the matters should have been tried together. This argument totally fails to recognize the existence of the contractual arbitration provision between Resnick and Passalacqua. These parties were obligated to arbitrate. Passalacqua initially sought arbitration and Resnick, by counterclaim, asserted its claim for construction defects against Passalacqua. Arbitration was the proper forum in which to decide these disputes. The Resnick claim for construction defects against Passalacqua and General Insurance was also asserted as a counterclaim in the lien foreclosure action filed by Passalacqua. This was the first lawsuit filed and therein Resnick's counterclaim for construction defects was stayed pending arbitration. This Court had already affirmed the stay order by opinion of April 15, 1977, when Resnick cross-claimed against Passalacqua in the Mayfair suit for the same alleged construction defects. It thus appears that the Resnick claim for construction defects was already being arbitrated and had already been stayed in prior litigation when this same claim was again asserted in the Mayfair case. The trial court did not err in denying Resnick's motion for continuance made on the eve of trial. The final judgment below is affirmed.
Affirmed.
DOWNEY and ANSTEAD, JJ., concur.
NOTES
[1] The Third District's recent opinion in Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980), has been urged to support the position that this Court lacks jurisdiction to review the interlocutory appeals regarding arbitration. The point was not initially raised and in view of our ruling that all matters pertaining to the interlocutory appeals are moot, we do not consider the issue.