DELL, Judge.
Oakley Farmer petitions this court for a writ of mandamus to compel the respondent *1036 judge to enter a final judgment confirming an arbitration award. Judge Polen filed no response. Valerie Henry, petitioner’s former employer and losing party in the arbitration proceeding, did respond.
Petitioner and Henry entered a written employment agreement, which contained a clause providing that the parties would settle all controversies and disagreements arising under the contract by arbitration. A dispute arose, petitioner resigned and the parties arbitrated in accordance with the arbitration clause of the contract. The arbiters awarded petitioner $20,000 accrued compensation. Henry filed a petition for modification in which she did not contest the award but merely asserted an error in calculation. The arbiters denied the petition for modification. Petitioner filed his complaint to confirm the arbitration award. Henry filed her answer, counterclaimed for breach of contract, and prayed for damages. Petitioner moved for entry of final judgment, asserting that Henry’s counterclaim, filed more than 90 days after the award, did not operate as a motion to vacate the award, thus compelling the court to enter final judgment under Section 682.12, Florida Statutes (1981). The court struck Henry’s counterclaim on the ground that Chapter 682 does not permit the filing of a permissive counterclaim, deferred ruling on petitioner’s motion for entry of final judgment, and permitted Henry to serve an amended counterclaim. Henry filed an amended counterclaim seeking rescission of the employment contract.
Henry does not dispute mandamus as the appropriate procedure, petitioner’s contention that she did not timely move to vacate the award, or that petitioner established the statutory prerequisites to an award, thus rendering confirmation a ministerial duty. We need only decide whether Henry, by filing a counterclaim seeking the equitable remedy of rescission of the contract containing the arbitration clause, may avoid the statutory time limit to protest the validity of the arbitration award.
We hold that under the facts of this case, she may not. Henry relies upon Watson v. Chase Chemical Corp., 249 So.2d 53 (Fla. 1st DCA 1971), and quotes the following language as “inferential approval” of her amended counterclaim:
In the case sub judice, in order to have relieved himself of the binding contractual provision of an agreement to arbitrate, it was incumbent upon plaintiff to sue for rescission of the entire contract.
Id. at 54. This dicta, taken out of context, cannot save Henry’s claim. In Watson, the parties had entered a contract containing an arbitration clause. When a dispute arose, the plaintiff made no attempt to arbitrate, but proceeded to file suit for breach of contract. The trial court dismissed the complaint by reason of the arbitration clause. The district court affirmed. Although the district court did indicate that a suit for rescission of the entire contract “at the outset” would have been proper, it held that by filing suit for breach of contract, the plaintiff elected a remedy which affirmed the existence of the contract.
Where a party elects to adopt one of two inconsistent remedies, he cannot after-wards pursue the other, even though he fails in the remedy elected and used. Where the election of a remedy assumes the existence of a particular status or relation of the party to the subject matter of litigation, the party cannot after-wards pursue another remedy by which he assumes a different and inconsistent status or relation to the subject matter.
Watson, supra, at 54, quoting Weeke v. Reeve, 65 Fla. 374, 61 So. 749 (1913). The court held that to relieve himself of the binding arbitration clause, Watson should have sued for rescission.
Henry’s actions demonstrate that she elected to ratify and confirm the contract, including the arbitration clause. Henry did not file her suit for rescission, rather she participated in arbitration; timely filed a petition to modify in which she did not dispute the validity of the award, but only challenged the calculation of the amount thereof; failed to file a petition to vacate the award; and answered petitioner’s complaint to confirm the award with a counter *1037 claim for breach of contract. All of these actions preceded the amended complaint for rescission.
By failing to timely challenge the validity of either the arbitration provision or the arbitration proceeding, Henry cannot now seek rescission of the contract which she ratified and confirmed by her actions. Therefore, the trial court erred when it denied petitioner’s motion for entry of a judgment confirming the arbitration award. Accordingly, we grant the petition for writ of mandamus and direct the trial judge to enter judgment confirming the arbitration award in favor of the appellant.
MANDAMUS GRANTED.
LETTS, C.J., and GLICKSTEIN, J., concur.