442 So.2d 411 (1983)
Simeon MANALILI, et al., Petitioners,
v.
COMMERCIAL MOWING AND GRADING, a Florida Corporation, Respondent.
No. 83-2181.
District Court of Appeal of Florida, Second District.
December 16, 1983.
*412 Kevin F. Jursinski, Fort Myers, for petitioners.
James L. Goetz, Fort Myers, for respondent.
CAMPBELL, Judge.
Petitioners, Simeon and Lydia Manalili, petitioned this court for a writ of certiorari following the trial court's denial of a motion to compel arbitration. We find the trial court was in error and grant the petition for certiorari.
Petitioners entered into a contract on January 28, 1983, with respondent, Commercial Mowing and Grading, a Florida corporation. For the sum of $15,732, respondent agreed to construct a driveway, and grade and fill petitioners' property.
The contract included the American Institute of Architect's General Conditions (AIA Code). The AIA Code provides for arbitration between the parties.
A dispute arose regarding payment. Respondent claimed the work was satisfactorily performed; petitioners claimed the fill materials were not acceptable, and refused to pay. Respondent and petitioners submitted the dispute to the engineer/designer of the project who found that respondent had not satisfactorily performed the contract. He did not enter a written decision. Subsequently, respondent filed a complaint in the circuit court against petitioners for foreclosure of a mechanic's lien, breach of contract, quantum meruit, goods sold and delivered, and foreclosure of an equitable lien, all counts arising out of the work performed by respondent for petitioners under the contract presented here. Petitioners then filed a motion to stay the proceedings and a demand for arbitration which was denied. As a result of that denial, petitioners filed this petition for a writ of certiorari.
An order denying the right to compel arbitration forces the parties to litigate and defeats the purpose of the arbitration clause. Therefore, where a right to compel arbitration exists, such a denial "departs from the essential requirements of law." The jurisdiction of this court is thereby properly invoked, pursuant to Florida Rule of Appellate Procedure 9.100. Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980); Morton Z. Levine and Associates, Chartered v. Van DeRee, 334 So.2d 287 (Fla. 2d DCA 1976).
The argument below centered around the lack of a written determination of the dispute by the "architect." As previously stated, this dispute was in fact submitted to the engineer/designer since there was no architect for the project.
The trial court denied the motion to compel arbitration on the ground that there was no written decision by an architect as required by article 2.2.12 of the AIA Code. Section 2.2.12 states that:
[N]o demand for arbitration of any such claim, dispute or other matter may be made until the earlier of (1) the date on which the Architect has rendered a written decision, or (2) the tenth day after the parties have presented their evidence to the Architect or have been given a reasonable opportunity to do so, if the Architect has not rendered his written decision by that date.
We find the trial court's reason for refusing to compel arbitration was improper. Article 2.2.12 establishes time limits for making a demand for arbitration. It does not provide that a written decision by an architect is a condition precedent to a *413 demand for arbitration. Respondent now argues to this court that there was no right to arbitration inasmuch as no architect was involved in the project, and the dispute had instead been presented to the engineer/designer.
Generally, before a right to compel arbitration arises, the petitioners must establish that there was a written agreement containing an arbitration clause, the existence of an arbitrable issue, and that the right to arbitrate has not been waived. § 682.03, Fla. Stat. (1981), and William Passalacqua Builders, Inc. v. Mayfair House Association, Inc., 395 So.2d 1171 (Fla. 4th DCA 1981). Under respondent's new argument, the issue is whether arbitration is available under the terms of the agreement.
Respondent claims that arbitration is not available until the issue is submitted to a licensed architect, rather than an engineer/designer, pursuant to article 2.1.1. Article 2 is entitled "Architect." Article 2.1.1 defines an architect as follows:
The Architect is the person lawfully licensed to practice architecture, or an entity lawfully practicing architecture identified as such in the Owner-Contractor Agreement, and is referred to throughout the Contract Documents as if singular in number and masculine in gender. The term Architect means the Architect or his authorized representative.
Petitioners contend that article 7.9 provides a right to arbitrate the dispute. Article 7.9 is entitled "Arbitration." Article 7.9 provides that:
[A]ll claims, disputes and other matters in question between the Contractor and Owner, arising out of or relating to, the Contract Documents, or the breach thereof, except as provided by subparagraph 2.2.11, with respect to Architect's decisions on matters relating to artistic effect and, except for claims which have been waived by the making or acceptance of final payment as provided in subparagraph 9.9.4 and 9.9.5 shall be decided by arbitration ... unless the parties mutually agree otherwise.
Respondent's claim must fail. Article 2.1.1 deals exclusively with the architect and his duties. Article 7.9 sets forth the basis for arbitration and controls the entire code. It provides that all claims and disputes shall be subject to arbitration. Article 7.9 does not demand the use of an architect. The code does not contemplate a presentation of the dispute to a licensed architect as a condition precedent to the right to arbitrate, if in fact there is no architect for the project.
As to respondent's other points, we find no merit.
Thus, there is a right to arbitrate under the terms of the contract. The statutory prerequisites of the right to compel arbitration have also been met. The petition for writ of certiorari is granted. The order denying the motion to compel arbitration is quashed with directions to proceed with arbitration according to the terms of the agreement.
GRIMES, A.C.J., and SCHOONOVER, J., concur.