509 So.2d 1212 (1987)
RICHARDSON GREENSHIELDS SECURITIES, INC., Appellant,
v.
William McFADDEN, Appellee.
No. 87-252.
District Court of Appeal of Florida, Second District.
July 1, 1987.
*1213 Melvia L. Bailey-Green of Morgan, Lewis & Bockius, Miami, for appellant.
Robert C. Hill, Fort Myers, for appellee.
CAMPBELL, Judge.
Appellant, Richardson Greenshields Securities, Inc. (RGSI), appeals the December 30, 1986 trial court order that denied its motion to compel arbitration. In denying the motion, the trial court explained that arbitration was not an appropriate forum to resolve tort claims, particularly where punitive damages are requested. We disagree and reverse.
Appellee, William McFadden, a former stockbroker, sued RGSI for both compensatory and punitive damages, alleging that RGSI's agent had violated chapter 934, Florida Statutes (1985), and invaded McFadden's privacy by unlawfully intercepting McFadden's telephone calls at RGSI and diverting potential customers from McFadden to other stockbrokers in RGSI's office.
RGSI then filed a motion to compel arbitration, citing McFadden's execution of a U-5 form. In that form, McFadden had agreed to arbitrate any dispute between him and RGSI that was required to be arbitrated under the rules of the organization with which he registered, the New York Stock Exchange. The rules of the New York Stock Exchange provide that any dispute between a member organization (RGSI) and an associated person (McFadden) arising in connection with the business of the member shall be arbitrated. Both McFadden and RGSI are members of the New York Stock Exchange.
Actions sounding in tort are proper subjects for arbitration. Morton Z. Levine and Associates, Chartered v. Van Deree, 334 So.2d 287 (Fla. 2d DCA 1976).
While this court has not expressly stated that punitive damages are appropriate for arbitration, other Florida courts have held that claims for punitive damages are subject to arbitration. Merrill, Lynch, Pierce, Fenner and Smith, Inc. v. Melamed, 453 So.2d 858 (Fla. 4th DCA 1984).
We are not persuaded by McFadden's argument that Rule 600 of the New York Stock Exchange does not apply here. The rule requires that any dispute between a member organization and an associated person, in connection with the business of such member, shall be arbitrated. The interception of telephone calls by RGSI's agent at RGSI's place of business concerning RGSI's business customers certainly is an act in connection with RGSI's business.
While Appellee argues that the public policy of Florida and of the United States forbids the arbitration of claims that are based on violations of wiretap statutes, there is no evidence of such a legislative intent in Chapter 934, Florida Statutes (1985). We are not inclined to extend the protection that is afforded antitrust litigation to wiretap litigation without a clear mandate to do so. Sabates v. International Medical Centers, 450 So.2d 514 (Fla. 3d DCA 1984).
We, therefore, reverse the trial court order that denied RGSI's motion to compel arbitration.
SCHEB, A.C.J., and LEHAN, J., concur.