PER CURIAM.
The appellants, defendants in the trial court, appeal pursuant to Rule 9.130(a)(3)(C)(v), Florida Rules of Appellate Procedure, an order of the trial court denying arbitration of a claim arising out of a construction project. The trial court denied arbitration because the defendants had been successful in causing a count for foreclosure of a lien to be dismissed. All that remained was a common law count for damages, which was clearly a claim covered by the agreement to arbitrate.[1] See Manalili v. Commercial Mowing & Grading, 442 So.2d 411 (Fla. 2d DCA 1983); Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 2d DCA 1980). Therefore, the order under review is reversed with directions to permit arbitration in accordance with the agreement.
Reversed and remanded with directions.

. 4.5 ARBITRATION
4.5.1 Controversies and Claims Subject to Arbitration. Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof, except controversies or Claims relating to aesthetic effect and except those waived as provided for in Subpara-graph 4.3.5. Such controversies for Claims upon which the Architect has given notice and rendered a decision as provided in Subpara-graph 4.4.4 shall be subject to arbitration upon written demand of either party. Arbitration may be commenced when 45 days have passed after a Claim has been referred to the Architect as provided in Paragraph 4.3 and no decision has been rendered.