PER CURIAM.
The plaintiff, Irene Eugenia Sas, appeals from a non-final order compelling arbitration, and the defendants, Richard Brenner and Brenner & Dienstag, appeal from an order denying their motion to participate in the compelled arbitration. We affirm, in part, and reverse, in part.
Below, in Counts I and III of the complaint, Sas sought rescission of a pledge agreement that she entered into with defendants Luis A. Alvarez Family, L.C., Marcel Deray, Trevor Resnick, and Raymond Navarro. She alleged that defendants Luis A. Alvarez, Richard Brenner, and Raymond Navarro had fraudulently induced her to enter into the pledge agreement. In Count II, Sas alleged breach of an employment agreement and sought damages from Phoenix Graphics, L.C.
We find that the trial court properly compelled arbitration of the counts brought by Sas against defendants, Phoenix Graphics, L.C., Luis A. Alvarez, Luis A. Alvarez Family, L.C., Marcel Deray, Trevor Resnick, and Raymond Navarro pursuant to the arbitration clauses contained in the underlying pledge and employment agreements. However, we find that the trial court erred by denying the defendants Richard Brenner and Brenner & Dienstag’s motion to participate in the compelled arbitration between Sas and the other defendants on the basis that they were not parties to the pledge and employment agreements containing the arbitration clauses. In the instant case, we find that the scope of the arbitration clauses is broad enough to include Sas’ claims against Richard Brenner and Brenner & Dienstag, P.A. by virtue of the fact that the claims against them stem from their legal representation of the other defendants in the making of the underlying agreements. See Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980).
Affirmed, in part; reversed, in part; and remanded for further proceedings consistent with this opinion.